**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5594-17T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ERIC LUNSFORD,

     Defendant-Appellant.

_____

Submitted October 29, 2019 – Decided February 18, 2020

Before Judges Ostrer and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 09-04-1146.

Eric Lunsford, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Valeria Dominguez, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

     Defendant, Eric Lunsford, appeals from the denial of his second petition for post-conviction relief (PCR). We affirm substantially for the reasons set

forth by the second PCR court, Judge Richard Sules, in his thorough and well-reasoned written opinion. We agree that defendant's second petition was untimely filed and procedurally barred. Further, it lacks sufficient merit to warrant an evidentiary hearing much less reversal of defendant's trial convictions.

I.

Defendant has twice been convicted of homicide. The two shootings were completely distinct events; they were committed at different times and places and were prosecuted separately. Defendant pleaded guilty to the 2008 homicide of Lawrence Parks, who was gunned down inside his car. That homicide conviction is not before us in this appeal, although the victim's name resurfaces in defendant's current legal argument.

The case before us arises from a separate violent incident involving an attempted home invasion that turned deadly. One victim, Jeffrey King, was killed, and another, Everett Stephenson, seriously wounded. Defendant was convicted at trial of the aggravated manslaughter of King, the aggravated assault of Stephenson, and related weapons offenses. He was sentenced to an aggregate term of thirty-five years imprisonment with an approximate thirty-year period of parole ineligibility.

A-5594-17T2

Defendant appealed claiming that his trial counsel, Richard Roberts, was ineffective for, among other things, not moving to suppress in-court and out-of-court witness identifications and related testimony. We affirmed defendant's convictions and sentence in an unreported decision. State v. Lunsford, No. A-4509-10 (App. Div. Sept. 27, 2013). The Supreme Court denied his petition for certification. State v. Lunsford, 217 N.J. 304 (2014).

Defendant thereafter filed his first petition for PCR, repeating his contention that Roberts provided constitutionally deficient assistance with respect to the witness-identification evidence. Defendant further claimed that Roberts was ineffective for failing to (1) move for a mistrial, (2) investigate defendant's alleged alibi, and (3) seek additional jail credits on his sentence. The first PCR judge denied that petition without a hearing.

We affirmed the PCR denial. State v. Lunsford, No. A-3991-14 (App. Div. Feb. 16, 2017). We concluded that defendant's claim of ineffective assistance, with respect to the Wade[1] issue, was procedurally barred because that claim had already been raised and rejected on direct appeal. We also held that defendant's trial counsel had not been ineffective and that nothing in the record

---

[1] United States v. Wade, 388 U.S. 218 (1967)

established that the identification procedures were impermissibly suggestive or that a Wade[2] hearing was warranted or would have been convened had defendant requested one. The Supreme Court denied certification. State v. Lunsford, 231 N.J. 402 (2017).

Defendant in his current PCR petition claims once again that he received ineffective assistance of counsel. Defendant repeats contentions that were considered in the first PCR, namely, that Roberts rendered ineffective assistance by failing to challenge the witness identifications and by failing to investigate defendant's alleged alibi defense. This time, defendant also argues that Roberts had a conflict of interest because he had once represented Lawrence Parks, the person defendant pleaded guilty to killing in an unrelated shooting. Defendant also contends that his first PCR counsel was ineffective for failing to argue that Roberts had a conflict of interest.

## II.

Defendant raises the following contentions for our consideration:

> POINT I
>
> THE PCR COURT'S DECISION TO DENY [DEFENDANT'S] SECOND PCR FAILED TO PROVIDE [DEFENDANT] WITH A MEANINGFUL

---

[2] Ibid. See also generally State v. Henderson, 208 N.J. 208 (2011) (explaining and applying Wade).

OPPORTUNITY TO ROOT OUT A MISCARRIAGE OF JUSTICE, WHEN HIS TRIAL ATTORNEY REPRESENTED A VICTIM IN ONE OF THE INDICTMENTS, HE WAS RETAINED TO REPRESENT [DEFENDANT] ON, AND PCR COUNSEL WAS INEFFECTIVE FOR FAILING TO ADVANCE THIS CLAIM AFTER INSISTED TO BY [DEFENDANT].

POINT II

THE PCR COURT ERRONEOUSLY DETERMINED THAT [DEFENDANT'S] SECOND PCR PETITION DID NOT SATISFY THE TIMELINESS REQUIREMENT UNDER RULE 3:22-12(a)(2)(C), WITHOUT CONSIDERING WHETHER APPELLANT QUALIFIED FOR "EXCEPTIONAL CIRCUMSTANCES" UNDER RULE 3:22-4(a) & (b).

III.

We begin our analysis by acknowledging the legal principles and procedural rules that govern this appeal. Post-conviction relief serves the same function as a federal writ of habeas corpus. State v. Preciose, 129 N.J. 451, 459 (1992). When petitioning for PCR, a defendant must "establish, by a preponderance of the credible evidence, that he [or she] is entitled to the requested relief." State v. Mitchell, 126 N.J. 565, 579 (1992) (quoting State v. Marshall, 244 N.J. Super. 60, 69 (Law Div. 1990)).

Defendant's PCR petition raises claims of constitutionally deficient assistance of counsel. Both the Sixth Amendment of the United States

Constitution and Article 1, paragraph 10 of the State Constitution guarantee the right to effective assistance of counsel at all stages of criminal proceedings. Strickland v. Washington, 466 U.S. 668, 686 (1984) (citing McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)); State v. Fritz, 105 N.J. 42, 58 (1987). To establish a violation of the right to the effective assistance of counsel, a defendant must meet the two-part test articulated in Strickland. Fritz, 105 N.J. at 58. "First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687.

To meet the first prong of the Strickland test, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Ibid. Reviewing courts indulge in a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. The fact that a trial strategy fails to obtain for a defendant the optimal outcome is insufficient to show that counsel was ineffective. State v. DiFrisco, 174 N.J. 195, 220 (2002) (citing State v. Bey, 161 N.J. 233, 251 (1999)).

The second prong of the Strickland test requires the defendant to show "that counsel's errors were so serious as to deprive the defendant of a fair trial,

a trial whose result is reliable." Strickland, 466 U.S. at 687. Put differently, counsel's errors must create a "reasonable probability" that the outcome of the proceedings would have been different than if counsel had not made the errors. Id. at 694. This assessment is necessarily fact-specific to the context in which the alleged errors occurred—errors before trial, for example, may result in a defendant failing to enjoy a favorable plea agreement, while errors during trial may lead to an unfair conviction. See id. at 695 (noting the different questions posed when a defendant challenges a conviction rather than a sentence). When a defendant challenges a conviction, the second Strickland prong is particularly demanding: "[t]he error committed must be so serious as to undermine the court's confidence in the jury's verdict or the result reached." State v. Allegro, 193 N.J. 352, 367 (2008) (quoting State v. Castagna, 187 N.J. 293, 315 (2006)).

Short of obtaining immediate relief, a defendant may prove that an evidentiary hearing is warranted to develop the factual record in connection with a claim of ineffective assistance. Preciose, 129 N.J. at 462–63. The PCR court should grant an evidentiary hearing when a defendant is able to prove a prima facie case of ineffective assistance of counsel, there are material issues of disputed fact that must be resolved with evidence outside of the record, and the hearing is necessary to resolve the claims for relief. R. 3:22-10(b); Preciose,

129 N.J. at 462. To meet the burden of proving a prima facie case, a defendant must show a reasonable likelihood of success under the Strickland test. Preciose, 129 N.J. at 463. "[C]ourts should view the facts in the light most favorable to a defendant to determine whether a defendant has established a prima facie claim." Id. at 462–63.

"[I]n order to establish a prima facie claim, a petitioner must do more than make bald assertions that he [or she] was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) (emphasis omitted). The petitioner must allege specific facts sufficient to support a prima facie claim. Ibid. The petitioner must present these facts in the form of admissible evidence. In other words, the relevant facts must be shown through "affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Ibid.

Aside from the substantive constitutional principles that govern PCR claims, our Supreme Court has promulgated court rules that prescribe the practices and procedures for filing and reviewing PCR petitions. R. 3:22-1 to -12. Three of these procedural rules are especially important to the resolution of the appeal before us.

A-5594-17T2

First, <u>Rule</u> 3:22-4(b) governs when a defendant may file a second or subsequent petition for PCR.  That rule provides:

> (b) A second or subsequent petition for post-conviction relief shall be dismissed unless:
>
>> (1) it is timely under <u>R.</u> 3:22-12(a)(2); and
>>
>> (2) it alleges on its face either:
>>
>>> (A) that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings; or
>>>
>>> (B) that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted; or
>>>
>>> (C) that the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first or subsequent application for postconviction relief.
>
> [<u>R.</u> 3:22-4(b) (emphasis added).]

9

Even when appropriate grounds exist for filing a second or subsequent petition for PCR, Rule 3:22-12(a)(2) establishes strict time limitations on successive petitions. That rule provides:

> (2) Notwithstanding any other provision in this rule, no second or subsequent petition shall be filed more than one year after the latest of:
>
> > (A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or
> >
> > (B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or
> >
> > (C) the date of the denial of the first or subsequent application for postconviction relief where ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief is being alleged.
>
> [R. 3:22-12(a)(2).]

Finally, Rule 3:22-5 bars re-consideration of arguments that already have been expressly adjudicated. That rule provides, "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings

resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule or prior to the adoption thereof, or in any appeal taken from such proceedings." R. 3:22-5.

Before applying these provisions to the facts presented in this case, we note that although the above-quoted rules provide important guideposts, they do not impose "an inflexible command." State v. Franklin, 184 N.J. 516, 528 (2005). Nor do the rules require that courts "acquiescence to a miscarriage of justice." State v. Nash, 212 N.J. 518, 546 (2013).

IV.

In this instance, Judge Sules ruled that defendant's claims of ineffective assistance relating to the witness identification issues were procedurally barred under Rule 3:22-5. He also ruled that defendant's conflict-of-interest claim was untimely under Rule 3:22-12. For reasons that follow, we agree with the PCR court on both counts but also consider defendant's conflict-of-interest argument on its merits, as did the PCR court, to assure that a miscarriage of justice has not occurred. See infra note 4 (concluding the trial court was correct that defendant has not shown a basis for PCR relief).

A.

With respect to defendant's arguments relating to trial counsel's failure to challenge in-court and out-of-court identification evidence, the basis for application of Rule 3:22-5 as a procedural bar is evident and does not warrant extensive discussion in this written opinion. R. 2:11-3(e)(2). We have already addressed the witness identification issues on both direct appeal and defendant's first PCR petition and see no reason to do so again. We recognize defendant now presents those previously rejected arguments under a new banner, reflecting his new claim that his trial counsel had a conflict of interest that infected all aspects of his representation. We consider that overarching ineffective-assistance argument next.

B.

Judge Sules ruled that defendant's conflict-of-interest claim was untimely under Rule 3:22-12(a)(2)(B) because more than a year elapsed since his first petition was denied, and defendant has not shown why the information in his certification and brief could not have been discovered earlier.[3] In support of that fact-sensitive determination, the PCR court relied on a letter from defendant to his first PCR counsel that reveals that he knew that Roberts had once

---

[3] We note that defendant does not allege that either the United States or New Jersey Supreme Courts recognized a new right within the meaning of Rule 3:22-12(a)(2)(A).

A-5594-17T2

represented Lawrence Parks. This shows that defendant was aware of the factual basis for the divided-loyalty claim more than a year before he filed the current PCR. We see no reason to disturb the PCR court's well-supported conclusion that defendant has failed to show that he could not have discovered that Roberts represented Parks through the exercise of reasonable diligence, as required by Rule 3:22-12(a)(2)(b). We also note that Rule 3:22-12(b) expressly provides that, "these time limitations shall not be relaxed, except as provided herein."[4]

Defendant's second petition was also properly denied pursuant to Rule 3:22-4(b)(2) because, as the PCR court correctly noted, the second petition does not rely on a new rule of constitutional law, defendant has not set forth facts that raise a reasonable probability that the relief sought would have been granted, and defendant has not presented a prima facie case of ineffective assistance of counsel.

We next examine the substantive merits of defendant's conflict-of-interest claim. Once again, we embrace Judge Sule's factual findings and cogent legal

---

[4] We recognize that defendant in his reply brief argues that this case presents exceptional circumstances and that his divided-loyalty claim should be considered on its merits to prevent a miscarriage of justice. As we have already noted, although we agree with the PCR court that this successive petition is procedurally barred, we also agree with the court's substantive conclusion that defendant has not shown a basis for PCR relief.

analysis. Defendant's trial counsel, Roberts, did not represent defendant in the prosecution of Parks' death. By the same token, Parks had nothing to do with the violent home invasion which is at the heart of the current appeal. Indeed, he was already dead when the complaint on the home invasion was issued. Parks, in other words, was not a victim in the case in which Roberts represented defendant, and Roberts did not represent defendant in the Parks shooting case. Furthermore, the record does not indicate how and in what matter Roberts had once represented Parks, as reflected in the PCR court's finding that Roberts represented Parks in "an undisclosed capacity in an undisclosed matter."

In these circumstances, we do not believe that defendant has established that Roberts was foreclosed from representing defendant due to a concurrent conflict of interest as defined in RPC 1.7. We agree with the PCR court that the former representation of Parks was not directly adverse to defendant's interests within the meaning of RPC 1.7(a)(1).[5]

---

[5] Rule of Professional Conduct 1.7(a) provides:

> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

This situation is markedly different from the one presented in State ex rel. S.G., 175 N.J. 132 (2003). In that case, the Supreme Court held an actual conflict of interest existed where a law firm simultaneously represented both the defendant accused of a shooting and the victim of that shooting. The Court concluded that, "during the period of dual representation that occurred here, the interests of the two clients were adverse, resulting in a prohibited actual conflict. Accordingly, the firm may not proceed with the defense, notwithstanding the defendant's desire to consent to the representation." Id. at 135. In contrast, here, defendant has failed to show that there was any period of overlapping representation. Nor did Roberts represent defendant in the case involving the shooting of Parks.

Furthermore, as the PCR court found, defendant in the present case has failed to show that there is a significant risk that Robert's representation of defendant was materially limited by his former representation of Parks within

---

(1) the representation of one client will be directly adverse to another client; or

(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by a personal interest of the lawyer.

the meaning of RPC 1.7(a)(2). Indeed, defendant has not explained how Roberts was limited at all, much less materially limited, in zealously representing defendant's interests by reason of his prior representation of Parks. The two cases are simply unrelated. Accordingly, defendant has failed to establish a violation of RPC 1.7.

In sum, we agree with the PCR court that defendant has failed to establish that counsel by reason of his prior representation of Parks had a divided loyalty that rendered his professional service to defendant constitutionally deficient. Accordingly, defendant has failed to establish the first Strickland[6] prong. Relatedly, defendant has failed to establish a ground for granting a second or subsequent petition for PCR pursuant to Rule 3:22-4(b)(2)(B).

## C.

Finally, we note that defendant also claims in this appeal that his PCR counsel was ineffective in not arguing defendant's contention that trial counsel had a conflict of interest. "This relief is not predicated upon a finding of

---

[6] Having concluded that defendant failed to establish the first Strickland prong, the PCR court reasoned that it need not address the second prong. We add only that we do not believe that defendant suffered any prejudice from Robert's prior representation of Parks in view of our conclusion that there was no actual conflict of interest, divided loyalty, or limitation upon Robert's ability to represent defendant zealously and in accordance with the professional standards recognized in Strickland and Fritz.

ineffective assistance of counsel under the relevant constitutional standard. Rule 3:22-6(d) imposes an independent standard of professional conduct upon an attorney representing a defendant in a PCR proceeding." State v. Hicks, 411 N.J. Super. 370, 376 (App. Div. 2010). The Court has stated:

> PCR counsel must communicate with the client, investigate the claims urged by the client, and determine whether there are additional claims that should be brought forward. Thereafter, counsel should advance all of the legitimate arguments that the record will support. If after investigation counsel can formulate no fair legal argument in support of a particular claim raised by defendant, no argument need be made on that point. Stated differently, the brief must advance the arguments that can be made in support of the petition and include defendant's remaining claims, either by listing them or incorporating them by reference so that the judge may consider them.
>
> [State v. Webster, 187 N.J. 254, 257 (2006).]

"The remedy for counsel's failure to meet the[se] requirements . . . is a new PCR proceeding." Hicks, 411 N.J. Super. at 376 (citing State v. Rue, 175 N.J . 1, 4 (2002)).

As discussed in Part B, the record in this case does not support a legitimate argument that defendant's trial counsel had a conflict of interest or divided loyalty. Further, the PCR court considered defendant's assertion that his trial counsel had a conflict and found it meritless. Accordingly, applying the standard set forth in

<u>Rule</u> 3:22-6(d), we reject defendant's contention that his PCR counsel rendered ineffective assistance.

Any remaining arguments posed by defendant that we have not addressed lack sufficient merit to warrant discussion in this opinion.  <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5594-17T2