THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES GREER, JR., Defendant-Appellant.

Fifth District    No. 76-4

Opinion filed February 2, 1977.

Michael A. Katz, of Collinsville, for appellant.

Robert H. Rice, State's Attorney, of Belleville (Robert L. Craig, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE CARTER delivered the opinion of the court:

James Greer, Jr., defendant, appeals from a judgment finding him guilty of voluntary manslaughter and sentencing him to the Illinois Department of Corrections for a term of not less than four years nor more than 12 years following a jury trial in the Circuit Court of St. Clair County.

The bill of indictment against the defendant reads as follows:

> "That on the 10th day of December, 1974, in said County, James Greer, Jr., committed the offense of murder in that he, without lawful justification and with the intent to kill Isiah Hughes, shot

Isiah Hughes with a gun, thereby causing the death of Isiah Hughes, in violation of Paragraph 9—1, Chapter 38, Ill. Rev. Stat."

The shooting took place just outside a tavern in East St. Louis known at the time as LaShaye's Lounge. Defendant claimed he was acting in self-defense, while two witnesses standing at the scene said the act was unprovoked. Just prior to the shooting, defendant testified that he approached the entrance to the tavern which was owned by his mother and exchanged words with the deceased who was standing there with two friends. According to defendant, he asked the deceased to leave the premises and he started to go into the tavern. At that time he was attacked by the deceased and one of the deceased's friends, and was verbally threatened with death. As defendant struggled free, he thought he saw the deceased pull a weapon from his pocket, so he withdrew a gun from his shirt and fired once, striking the deceased in the chest. Defendant stated he then entered the tavern and asked a friend to go with him to the police station and they left.

According to the friends of the deceased, defendant approached the deceased and exchanged words with him. Defendant pulled out a gun and the deceased reacted by stating that he had nothing but a pair of dice and a few dollars and he reached into his pockets to pull them out. The defendant then shot the deceased and the two witnesses ran from the scene. Defendant was apprehended without incident a short distance from the tavern.

Defendant alleges error in several rulings on evidence by the trial court, in prejudicial conduct by the State's Attorney, in the sufficiency of the State's evidence, and in the sentencing of the defendant.

■■ Defendant contends that the prosecutor's continued questioning of defendant and one of defendant's witnesses on matters to which objections were sustained prejudiced the jury. Defendant was questioned about his authority to carry a gun. After an objection to this line of questioning an off the record conference was held at the bench. After this conference the prosecutor continued without objection and the defendant testified that he was given no authority to carry a gun from his employers. In *People v. Pickett*, 54 Ill. 2d 280, the court stated the general rule to be "failure by the defendant to raise an issue in the written motion for a new trial constitutes a waiver of that issue and it cannot be urged as a ground for reversal on review." 54 Ill. 2d 280, 282.

This rule applies also in the situation where the prosecutor makes allegedly prejudicial comments. *People v. McCoy*, 35 Ill. App. 3d 326.

■■ Defendant contends that this court should avail itself of the "plain error" doctrine to review a matter not preserved in the trial court. We are not prepared to hold that the prosecutor's questioning of defendant as to his authority to carry a gun and his comments during closing argument affected substantial rights so as to allow this court to review the matters.

Consequently, these issues must be deemed waived and cannot be considered by this court.

Defendant argues that the prosecutor's attempt to inquire into the employment of a certain witness was likewise prejudicial. For the reasons stated above, we find this argument to be without merit.

■■ Defendant next alleges error in the trial court's rejection of an offer of proof by defendant. The evidence offered suggested that threats were made to the defendant's mother outside the presence of the defendant. This offer was substantially duplicated and allowed into evidence when the mother testified. Rejection of evidence is not prejudicial where substantially the same is admitted at some stage of the trial. *People v. Campbell*, 28 Ill. App. 3d 480.

■■■ Defendant next contends that a reasonable doubt exists as to the defendant's guilt. The first part of this two-fold argument is that the verdicts of not guilty of murder and guilty of voluntary manslaughter are legally and logically inconsistent, therefore the conviction cannot stand. In *People v. Taylor*, 36 Ill. App. 3d 898, the defendant was found guilty of murder and voluntary manslaughter by the jury. The trial court entered a judgment of not guilty on the murder charge which action was affirmed by the appellate court. The court held that there was no legal inconsistency in verdicts of acquittal and conviction upon charges of crimes composed of different elements, but arising out of the same state of facts. The court also stated that juries need not return logically consistent verdicts so long as their verdicts were legally consistent. The first part of defendant's argument must fail. The second part is based on the sufficiency of the State's evidence to convict. Defendant in his brief cites *People v. Gokey*, 57 Ill. 2d 433, for the proposition that where the evidence leaves a reasonable doubt as to the guilt of the defendant, the conviction must be set aside. After carefully reviewing the record, we find that the State presented evidence which, if believed, would prove defendant guilty beyond a reasonable doubt. It is our opinion the jury was correct in their verdict.

The last point presented by the defendant is that he was improperly sentenced. The trial court during the hearing on aggravation and mitigation commented that this was the second time the defendant had taken a life in a violent manner. This was in reference to a conviction of the defendant that had been reversed and remanded by this court. After the remandment, the prosecutor dismissed the indictment against the defendant. It is error for the trial court in the sentencing process to consider arrests or other encounters with the law.

■■ It is obvious that the trial court in sentencing the defendant paid attention to and placed weight upon the prior conviction of the defendant of murder which had been reversed. It has been the rule in this State for many years that absent consent and waiver by the defendant only

convictions may be proven in arriving at the sentence to be imposed. (*People v. Jackson*, 95 Ill. App. 2d 193.) This court has the power to reduce sentences in appropriate cases. (Supreme Court Rule 615(b)(4), Ill. Rev. Stat. 1975, ch. 110A, par. 615(b)(4).) It was error for the trial court to consider the prior conviction in sentencing the defendant. However, this error could have affected only the length of defendant's sentence, which was for a term of not less than four nor more than 12 years in the penitentiary, and therefore the sentence is reduced to a term of not less than three nor more than 10 years in the penitentiary.

For the above reason, the judgment of the Circuit Court of St. Clair County is amended by reducing the sentence, and as amended is affirmed.

Judgment amended and as amended affirmed.

JONES and KARNS, JJ., concur.