244 N.J. Super. 60 (1990)
581 A.2d 538
STATE OF NEW JERSEY, PLAINTIFF,
v.
GREGORY MARSHALL, DEFENDANT.
Superior Court of New Jersey, Law Division Essex County.
Decided August 8, 1990.
*63 Debra G. Lynch for plaintiff (Herbert H. Tate, Jr., Essex County Prosecutor, attorney).
Thomas O'Gorman for defendant.
NEWMAN, J.S.C.
This petition for post-conviction relief raises an issue of first impression; namely, whether a petitioner may challenge, in this State, the constitutionality of a foreign conviction, which was used to enhance his sentencing by this court, when the foreign conviction is not presumptively void.
Petitioner Gregory Marshall has moved for post-conviction relief, pursuant to R. 3:22-2(c), on the ground that he was sentenced in excess of, or otherwise not in accordance with, that authorized by law. Petitioner, convicted of armed robbery in 1983 and sentenced as a persistent offender to a term of 30 years with a parole ineligibility term of 15 years, offers three arguments in support of his motion: first, that a 1968 conviction in the State of Oklahoma stems from a constitutionally defective plea bargain and was therefore improperly used to enhance his New Jersey sentence; second, that the State's motion to impose an extended term had been improperly served; and third, that, at the time of the original sentencing, this court improperly balanced aggravating and mitigating factors and relied upon a materially inaccurate presentence report. The *64 last of these arguments has already been raised, and rejected, and need not be discussed here.[1] The first and second arguments, however, are new and merit analysis and will be addressed in reverse order.
Petitioner submits that he had no knowledge of the State's motion to impose an extended term until the day of sentencing. In an alleged violation of R. 3:21-4(d) and denial of due process, petitioner states that this motion was served, not personally, but only upon his attorney.
The petitioner, however, has misconstrued this rule. Pursuant to R. 3:21-4(d), the motion for an extended term simply had to be filed with the court within 14 days of the return of the verdict. Only when a defendant is pleading guilty pursuant to a negotiated disposition, must the prosecutor file the motion prior to the date of the plea and serve the motion upon defendant and defendant's counsel. Since petitioner's conviction was not the result of a negotiated plea agreement, there was no requirement that the motion be personally served upon him. See State v. Martin, 110 N.J. 10, 18, 538 A.2d 1229 (1988). Furthermore, as the Appellate Division noted, when it rejected the argument that this court had erred in sentencing petitioner to an extended term, petitioner had been put on notice before the trial even began, at the Sands hearing[2], that the State would seek to use his prior convictions for both impeachment and sentencing purposes. The service of the motion for an extended term upon Marshall's attorney did not violate petitioner's constitutional right to due process and does not present a valid reason for post-conviction relief.
*65 Petitioner primarily argues that this court improperly relied upon one of his prior convictions at the time of sentencing, independently of the issue of notice. He asserts that his 1968 guilty plea in the State of Oklahoma was involuntary in that it was induced through materially inaccurate representations by the prosecutor that petitioner faced the death penalty as a potential consequence of the charge of robbery by force. Absent such misrepresentations, petitioner contends he would have taken this matter to trial and relied upon his defense that, though he may have been guilty of assault, he was not guilty of robbery as he claims not to have had knowledge a robbery had taken place until he was informed by others of the fact. To be sure, a guilty plea may not be constitutionally entered unless it is made intelligently and voluntarily with an "understanding of the nature of the charge and the consequences of the plea." Henderson v. Morgan, 426 U.S. 637, 644-645, 96 S.Ct. 2253, 2257-2258, 49 L.Ed.2d 108, 114 (1976). Petitioner contends that, with a capital sentence staring at him, he did not enter a voluntary plea.
The State argues that, in a post-conviction relief proceeding, a defendant may not raise, on collateral attack, issues that might reasonably have been raised on direct appeal. See R. 3:22-4. There are, however, exceptions to this general rule and a ground not raised on direct appeal may be raised on collateral review if denial of the petition would be contrary to the Constitutions of the United States or the State of New Jersey, or would result in fundamental injustice. State v. Laurick, 120 N.J. 1, 10, 575 A.2d 1340 (1990). Similarly, the existence of a substantial constitutional question which is raised by this petition overcomes the other potential, procedural bars to petitioner's application which are cited by the State.[3]
*66 It is well settled that a prior conviction may not be used to enhance punishment for a later conviction if the prior conviction was obtained in a constitutionally impermissible manner. Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); State v. Ramseur, 106 N.J. 123, 524 A.2d 188 (1987). In Burgett, the United States Supreme Court ruled that, where the defendant's prior Tennessee conviction was unconstitutional, it was reversible error for a Texas court to allow it into evidence under a Texas recidivist statute. There, the records of the prior conviction demonstrated that defendant had been denied his right to counsel. The prior conviction was void and its subsequent use resulted, in effect, in defendant's suffering anew from the deprivation of his Sixth Amendment right to counsel. The Supreme Court ruled that states are free to provide the recidivist procedures of their choice provided that none of such procedures or rules of evidence "infringes a guarantee in the Federal Constitution." 389 U.S. at 114, 88 S.Ct. at 261, 19 L.Ed.2d at 324.
The right to counsel is just such a guarantee. Where the record of a prior conviction shows, on its face, that a defendant was not represented by counsel, the prior conviction is presumptively void. Yet, where a prior conviction is not presumptively void, or, in other words, is not unconstitutional on its face, the use of the prior conviction to impose additional penalties under a recidivist statute is not per se unconstitutional. Spencer v. Texas, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d *67 606 (1967); Burgett v. Texas, supra, 389 U.S. at 114, 88 S.Ct. at 261, 19 L.Ed.2d at 325. Where the prior conviction is not unconstitutional on its face, a judicial assessment must first be made on its legality before it can be determined if the prior conviction was properly used to enhance a later sentence.
Here, a review of the information, plea agreement, and judgment of conviction, filed with the Oklahoma authorities indicate that the petitioner was represented by counsel, advised of his constitutional rights and his right to appeal, and that he knowingly, intelligently, and voluntarily entered his plea. On its face, petitioner's 1968 plea is proper. Thus, the specific issue before this court is whether petitioner may challenge the constitutionality of a foreign conviction, which is not presumptively void, in a New Jersey state court.
Although a court may not consider a prior conviction in enhancing punishment if such prior conviction has been reversed on appeal, People v. Greer, 45 Ill. App.3d 682, 4 Ill.Dec. 70, 359 N.E.2d 903 (1977), a collateral attack on a prior conviction which will serve to invalidate the prior conviction, rather than clarify or explain it, must proceed with an appropriate application for post-conviction relief. State v. Jefimowicz, 119 N.J. 152, 574 A.2d 428 (1990). Consequently, petitioner's application to have his 1968 Oklahoma conviction declared unconstitutional must be made in Oklahoma. Before petitioner can properly ask this court to resentence him for his New Jersey conviction, he must first bring his claim to the Oklahoma state courts. See St. John v. Sargent, 569 F. Supp. 696, 697-698 (N.D.Cal. 1983) (Defendant's forum to challenge the validity of a prior California conviction, which was used to enhance an Arkansas sentence, lay in the state courts of California; defendant's forum was not, at least until he exhausted his state court remedies, in the federal district courts and, by implication, was not in the Arkansas courts.)
In support of his argument that the Oklahoma plea was constitutionally defective, petitioner has submitted copies of the *68 Oklahoma criminal statutes and a handwritten "plea of guilty: summary of facts" sheet which lists "death" as the maximum punishment provided for the crime charged (although the statutes submitted do not provide for such a penalty). From this, he argues that he was misinformed of the penal consequences to the charge against him. However, this court has no way of knowing the factual circumstances surrounding the Oklahoma charge, whether the error on the summary of facts sheet was corrected on the record, or why the petitioner was charged under one particular statutory provision as opposed to another. This court is also without the authority to subpoena the relevant witnesses and documents. As the Supreme Court has recently observed:
The proceeding to challenge the collateral effect of (a) prior conviction should properly be in the municipal court in which the original conviction was entered. We realize the difficulty in reviewing such dispositions more than three years after the fact when transcripts or tapes of the proceeding are no longer available. Still, it will be much easier in the original court to arrange for a thorough and complete review of the dockets of the proceedings. [State v. Laurick, supra, 120 N.J. at 13, 575 A.2d 1340 (slip opinion at 12) (use of a prior, uncounseled, New Jersey DWI conviction to enhance punishment for a subsequent DWI conviction)]
The rationale behind the Laurick decision applies even more strongly when the prior conviction is from a foreign jurisdiction and is 22 years old. Apparently, the petitioner has not been foreclosed from actively pursuing relief in Oklahoma and the courts of that state are in a much better position to make a determination on the validity of the Oklahoma plea. Petitioner must make his "first move" there. Should this court rule otherwise, a precedent would be established which might encourage defendants to by-pass the appellate process in other jurisdictions and collaterally attack their foreign criminal judgments in New Jersey.
While the full faith and credit doctrine does not apply to a criminal judgment from another state, comity considerations ordinarily suggest that deference be given to a foreign conviction. Cf. State v. Lueder, 74 N.J. 62, 70, 376 A.2d 1169 (1977). *69 Such deference is forestalled when the injury of which defendant complains is of a constitutional nature. Ibid. However, the general policy considerations behind the comity doctrine, born when independently sovereign states were joined in intimate union, Bank of Augusta v. Earle, 38 U.S. (13 Pet.) 517, 10 L.Ed. 519 (1839), are not diminished. Thus, while this court is not bound by the 1968 Oklahoma conviction, it recognizes the superior position of the Oklahoma courts to render an assessment on the propriety of the judgment.
In light of the problems caused by the passage of time and potential witness and document unavailability, it would be a practical impossibility for this court to conduct a proper hearing on this matter. Furthermore, despite the fact that the constitutional nature of petitioner's challenge overcomes the procedural hurdles to his motion, the burden of proof is on the petitioner to establish, by a preponderance of credible evidence, that he is entitled to the requested relief. State v. Zold, 105 N.J.Super, 194, 203, 251 A.2d 475 (Law Div. 1969), aff'd o.b. 110 N.J.Super 33, 264 A.2d 257 (App.Div. 1970), certif. den. 57 N.J. 131, 270 A.2d 34 (1970). Petitioner has failed to meet his burden. By attempting to take his second step before his first, petitioner is not able to show that he is entitled to be resentenced. The 1968 conviction remains valid and, therefore, its use to enhance a later sentence was proper. If petitioner succeeds in Oklahoma, and has his 1968 plea declared invalid, he may then properly come before this court on a motion for post-conviction relief. Should such an effort in Oklahoma prove unsuccessful, petitioner would have at least exhausted his state court remedies and, pursuant to the authority of St. John v. Sargent, supra, may have an action in the federal courts. In the interim, however, petitioner's sentencing by this court was consistent with the sentence authorized by law. Accordingly, petitioner's motion for post-conviction relief is denied.
NOTES
[1] In this matter, petitioner has previously brought a motion for a new trial, appealed his conviction and sentence, and moved once before for post-conviction relief. His appeal and prior petition for post-conviction relief were unsuccessful. In an unreported opinion, the issue of the balancing of aggravating and mitigating factors was found, by the appellate court, to be "without merit."
[2] State v. Sands, 76 N.J. 127, 386 A.2d 378 (1978).
[3] R. 3:22-12 ordinarily requires a defendant to demonstrate, and petitioner has not done so here, excusable neglect when a petition for post-conviction relief is filed more than five years after the imposition of the sentence. An exception to this rule has been recognized where a plea taken in violation of due process is, as with any illegal sentence, correctable at any time. State v. Paladino, 203 N.J. Super. 537, 497 A.2d 562 (App.Div. 1985). The State also argues that, as the Appellate Division has already determined that this court properly relied upon the Oklahoma conviction at the time of sentencing, petitioner is barred from re-raising the issue here. See R. 3:22-5. The legality of the plea agreement was questioned in the appellate tribunal with regard to a different issue, namely, the age of the petitioner, and the issue of a possibly induced plea was not addressed. Furthermore, the procedural bar of R. 3:22-5 is relaxable where the constitutional problems raised are of substantial import. State v. Johns, 111 N.J. Super. 574, 576, 270 A.2d 59 (App.Div. 1970).