# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3664-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

J.D.,

     Defendant-Appellant.

_____

Submitted November 2, 2020 – Decided  January 22, 2021

Before Judges Rothstadt and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 87-01-1410.

Joseph E. Krakora, Public Defender, attorney for appellant (Andrew R. Burroughs, Designated Counsel on the brief).

Mark Musella, Bergen County Prosecutor, attorney for respondent (William P. Miller, Assistant Prosecutor, of counsel and on the brief; Catherine A. Foddai, Legal Assistant, on the brief).

PER CURIAM

Defendant appeals from a January 10, 2018 order denying his petition for post-conviction relief (PCR). The PCR judge, Frances A. McGrogan, entered the order without conducting an evidentiary hearing, ruling that defendant's petition is time barred under Rule 3:22-12, having been filed twenty-eight years after entry of the 1989 judgment of conviction. The PCR judge also held that defendant's petition was procedurally barred by Rule 3:22-4 because his current constitutional arguments could have been raised in direct appeals from the multiple civil commitment orders that have been entered against him pursuant to the New Jersey Sexually Violent Predator Act (SVPA), N.J.S.A. 30:4-27.24 to -27.38. Notwithstanding these procedural bars, Judge McGrogan addressed the merits of defendant's contentions, ruling that his commitment as a sexually violent predator does not violate the due process or ex post facto clauses. We agree and affirm.

In January 1989, defendant pled guilty to first-degree kidnapping, N.J.S.A. 2C:13-1(b), first-degree attempted murder, N.J.S.A. 2C:5-1 and 2C:11-3, and third-degree possession of a knife for an unlawful purpose, N.J.S.A. 2C:39-4(d). In exchange for defendant's guilty plea, the State agreed to dismiss the five remaining counts of the indictment, including another kidnapping charge and first-degree aggravated sexual assault and attempted aggravated

sexual assault charges. Defendant hid in the back seat of a vehicle and accosted two nineteen-year-old female occupants. He forced them at gunpoint to drive to a secluded location where he proceeded to sexually penetrate one of the victims. He became enraged when he was unable to maintain an erection and slit the throat of one of the victims and stabbed her repeatedly. That victim was rushed to the hospital in critical condition and underwent extensive surgery for wounds to her neck, hand, liver, and abdomen, requiring a colostomy. The other victim ran for help. Fortunately, both women survived. This violent incident occurred only four months after defendant was released on parole for a 1978 conviction for two counts of armed robbery, three counts of larceny, and one count of resisting arrest.

Defendant was sentenced on his 1989 convictions to an aggregate term of forty years in prison with a twenty-year period of parole ineligibility. While serving that sentence, he incurred fifty institutional infractions. Notably, he was convicted of aggravated assault against a corrections officer for which he received a concurrent sentence of ten years.

In September 2010, shortly before his scheduled release, the State filed a petition for civil commitment under the SVPA. In December 2010, after a commitment hearing, the court determined that defendant was a sexually violent

predator in need of involuntary confinement. We affirmed that order. In re Civil Commitment of M.S., No. A-2295-102 (App. Div. Aug. 2, 2013).

Pursuant to N.J.S.A. 30:4-27.35, sexually violent predators are afforded an annual review hearing to determine if involuntary commitment should be continued, in which event the court must execute a new order. Defendant's civil commitment has been reviewed and continued multiple occasions. We reviewed an order continuing the commitment in 2015 and rejected defendant's argument that his advancing age mitigates his antisocial personality disorder. In re Civil Commitment of M.S., No. A-1741-14T2 (App. Div. Apr. 15, 2015), certif. denied, 222 N.J. 310 (2015).

Defendant now raises the following arguments for our consideration:

> POINT I
> [DEFENDANT'S] FIRST PCR PETITION SHOULD NOT BE PROCEDURALLY BARRED IN THE INTEREST OF JUSTICE AND FUNDAMENTAL FAIRNESS
>
> POINT II
> AS [DEFENDANT'S] CIVIL COMMITMENT IS NOT REMEDIAL, HIS RIGHTS TO DUE PROCESS AND PROTECTION UNDER THE EX POST FACTO CLAUSE HAVE BEEN VIOLATED, HE IS ENTITLED TO POST-CONVICTION RELIEF
>
> POINT III

4

AS THERE WERE GENUINE ISSUES OF MATERIAL FACT IN DISPUTE, AN EVIDENTIARY HEARING WAS REQUIRED

Defendant initially claimed in his pro se PCR petition that his trial counsel rendered ineffective assistance by a failing to advise him of the possibility of civil commitment after completing his prison sentence. The gist of defendant's current appeal, however, is that the Department of Corrections (DOC) did not provide him with the drug abuse and sex offender treatment he requested while in prison. Defendant contends his civil commitment is the direct result of DOC's failure to provide these treatment services, thereby depriving him of due process and also subjecting him to punishment in violation of the ex post facto clause. We disagree.

Post-conviction relief serves the same function as a federal writ of habeas corpus. State v. Preciose, 129 N.J. 451, 459 (1992). It is not a substitute for direct appeal. State v. Mitchell, 126 N.J. 565, 583 (1992). A defendant's petition for PCR is cognizable if it is based upon any of the following five grounds: (1) a "[s]ubstantial denial in the conviction proceedings of defendant's rights" under the state or federal constitutions; (2) "[l]ack of jurisdiction of the court to impose the judgment rendered upon defendant's conviction;" (3) "any ground heretofore available as a basis for collateral attack upon a conviction by

5

habeas corpus or any other common-law statutory remedy[;]" (4) imposition of an unlawful sentence in conjunction with a cognizable claim under any of the above three categories; and (5) "a claim of ineffective assistance of counsel based on trial counsel's failure to file a direct appeal of the judgment of conviction and sentence upon defendant's timely request." R. 3:22-2.

A petitioner must establish grounds for relief by a preponderance of the evidence. Mitchell, 126 N.J. at 579 (citing State v. Marshall, 244 N.J. Super. 60, 69 (Law Div. 1990)). To sustain that burden, the petitioner must allege specific facts, "which, if believed, would provide the court with an adequate basis on which to rest its decision." Ibid. Pursuant to Rule 3:22-10(b), a petitioner is entitled to an evidentiary hearing

> only upon the establishment of a prima facie case in support of [PCR], a determination by the court that there are material issues of disputed fact that cannot be resolved by reference to the existing record, and a determination that an evidentiary hearing is necessary to resolve the claims for relief.

A prima facie case is established when a defendant "demonstrate[s] a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits." Ibid. See also Marshall, 148 N.J. at 158 (citing Preciose, 129 N.J. at 462–63).

6

We first consider whether defendant's petition is time-barred.  Rule 3:22-12 provides in pertinent part,

> no petition shall be filed pursuant to this rule more than [five] years after the date of entry . . . of the judgment of conviction unless: (A) it alleges facts showing that the delay beyond said time was due to defendant's excusable neglect and that there is a reasonable probability that if defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice[.]
>
> [R. 3:22-12(a)(1)(A)].

Our Supreme Court has held that "a court should only relax the bar of Rule 3:22-12 under exceptional circumstances." State v. Afanador, 151 N.J. 41, 52 (1997).

In this instance, defendant filed his pro se petition for PCR in January 2017—twenty-three years after expiration of the five-year time limit.  Judge McGrogan determined that defendant presented insufficient facts to establish excusable neglect.  We agree.  The failure to devise his current legal argument does not constitute excusable neglect.  Nor has defendant shown that enforcement of the time bar would result in a fundamental injustice, especially since defendant has other avenues to challenge his ongoing civil commitment.

Judge McGrogan also determined that defendant's petition was procedurally barred by R. 3:22-4.  That rule provides that a first petition for PCR

7

based on grounds for relief not previously raised in proceedings resulting in the conviction is barred unless the court finds:

> (1) that the ground for relief not previously asserted could not reasonably have been raised in any prior proceeding; or
> (2) that enforcement of the bar to preclude claims, including one for ineffective assistance of counsel, would result in fundamental injustice; or
> (3) that denial of relief would be contrary to a new rule of constitutional law under either the Constitution of the United States or the State of New Jersey.

None of these exceptions apply here. Nothing prevented defendant from presenting his current constitutional arguments in any of the numerous civil commitment review hearings conducted pursuant to the SVPA. His present claim is not based on a new rule of constitutional law. Indeed, as we discuss momentarily, defendant's due process and ex post facto arguments fail on their merits because these issues were settled in 2010 by the New Jersey Supreme Court. In re Civil Commitment of W.X.C., 204 N.J. 179, 189 (2010). And as we have already established, enforcement of the procedural bar to PCR relief will not result in fundamental injustice because defendant may challenge his civil commitment by another means.

Notwithstanding these procedural bars, the PCR judge considered and rejected defendant's constitutional claims on their merits. We do so as well.

Defendant cites no authority for the proposition that a state prison inmate has a constitutional right to receive specialized sex offender treatment services on demand. Furthermore, defendant's argument that there is "direct causal link" between the failure to provide such treatment services and his ensuing civil commitment is mere speculation. Defendant posits that had he received sex offender treatment while he was still serving his prison sentence, he would not have been civilly committed. Defendant's assumption that prison-based sex offender treatment would have been successful is not only speculative but belied by the fact that defendant has been committed to the Special Treatment Unit (STU) pursuant to SVPA for the past decade, and still remains too dangerous to be returned to the community.

On numerous occasions since completing his prison sentence, the State has proved by clear and convincing evidence that continuing civil commitment is needed to protect society from defendant's sexual predation. There is no reason to believe the results of either the first or any other of the ensuing civil commitment hearings would have been different had sex offender treatment been provided while defendant was serving his criminal sentence.

We also reject defendant's contention that he is entitled to relief because his civil commitment under the SVPA is punitive, thereby violating his due

process rights and protections from ex post facto punishment. The Supreme Court has long since rejected those very arguments, holding that involuntary commitment under the SVPA is remedial. W.X.C., 204 N.J. at 188–89 (concluding that the SVPA's "purposes are regulatory ones, because the statute is designed to protect the public from dangerous predators and to treat sex offenders who are, by definition, suffering from a mental abnormality.").

As the Court concluded in W.X.C., here, defendant's civil commitment properly balances his liberty interests with the interests of protecting the public. Furthermore, because defendant has not demonstrated a reasonable likelihood that his PCR claim would ultimately succeed on the merits, he has failed to present a prima facie case warranting an evidentiary hearing in the context of the petition under review.[1] Preciose, 129 at 462–63.

We conclude by noting that post-conviction relief is not the appropriate means by which defendant may challenge his ongoing confinement. Rather, the appropriate forum is a direct appeal from the annual SVPA commitment orders. We presume defendant knows this because he has consistently appealed those

---

[1] Defendant may, of course, present evidence, and challenge the evidence presented by the State, at the annual review hearing required under the SVPA. N.J.S.A. 30:4-27.31, 30:4-27.35.

periodic orders, albeit unsuccessfully. PCR is not a substitute for those direct appeals and ensuing petitions for certification.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION