**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2124-21

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DONALD B. LINDSEY,

    Defendant-Appellant.

_____

Submitted January 24, 2024 – Decided February 29, 2024

Before Judges Currier and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 10-09-2451.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel, on the brief).

Grace C. MacAulay, Camden County Prosecutor, attorney for respondent (Kevin Jay Hein, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

This matter returns to us after remand. Defendant Donald B. Lindsey appeals from the October 13, 2021 Law Division order denying his petition for post-conviction relief (PCR) following an evidentiary hearing. Because the PCR judge's decision is supported by sufficient credible evidence in the record, we affirm.

The salient facts were previously recounted in our decisions on defendant's direct appeal, State v. Lindsey, No. A-6303-11 (App. Div. Aug. 20, 2015), certif. denied, 223 N.J. 558 (2015) (Lindsey I), and defendant's first PCR appeal, State v. Lindsey, No. A-0531-18 (App. Div. Jan. 6, 2020) (Lindsey II). We briefly set forth the facts material to our determination after an evidentiary hearing was held by the PCR court on remand to decide defendant's sole remaining claim of ineffective assistance of counsel as to defendant's rejection of a plea offer.

On August 4, 2008, defendant and co-defendant, Martin D. Pierce, exchanged gunfire, resulting in the death of a four-year-old bystander, B.T.[1] Under indictment No. 10-09-2451, defendant was charged with first-degree

_____

[1] We use initials in accordance with prior proceedings in this matter and to respect the identity of the child victim.

murder, N.J.S.A. 2C:11-3(a)(1) and -3(a)(2); first-degree attempted murder, N.J.S.A. 2C:5-1; and multiple weapons charges.

Defendant and Pierce were tried jointly before a jury in February and March 2012. The jury found defendant guilty of the attempted murder of Pierce and acquitted defendant of the first-degree murder of B.T., but found him guilty of the lesser included offense of manslaughter "committed in the heat of passion resulting from a reasonable provocation" pursuant to N.J.S.A. 2C:11-4(b)(2), and the weapons charges. The court subsequently sentenced defendant to an aggregate thirty-three-year term of incarceration.

Defendant appealed and on August 20, 2015, we issued Lindsey I, a consolidated opinion addressing the appeals filed by both defendant and Pierce. We remanded to the trial court for a statement of reasons as to the court's decision to impose a consecutive sentence for defendants' respective weapons convictions.

On February 23, 2016, defendant filed a pro se PCR petition, which the court dismissed without prejudice on February 17, 2017 due to the pending direct appeal. On remand, the trial court resentenced defendant on May 5, 2017 to an aggregate twenty-eight-year term of imprisonment, however, the

sentencing order was amended on May 8, 2017 to reflect defendant's time-served credits.

On June 16, 2017, defendant requested that the court reinstate his PCR petition, after which he filed an amended petition, certification and briefs. The PCR court held a non-evidentiary hearing on August 17, 2018 and denied defendant's petition in an August 21, 2018 order.

Defendant appealed, asserting that he received ineffective assistance of counsel both before and during trial. Our January 6, 2020 Lindsey II decision affirmed the PCR court's rejection of all defendant's arguments, save for one. Id. at 3. We noted that the "exact terms and circumstances" of any plea agreement that defendant was offered were "uncertain." Id. at 10 n.1. We remanded the matter "for an evidentiary hearing limited solely to the circumstances pertaining to [the State's] plea offer and defendant's decision to reject that offer upon the advice of counsel." Id. at 3. Specifically, we instructed the PCR court to consider four matters on remand:

> (1) the precise terms of the plea offer, (2) the circumstances in which it was tendered, (3) when exactly the State first made the plea offer contingent on Pierce pleading guilty, and (4) when in relation to the imposition of such a precondition did defense counsel give the advice now claimed to constitute ineffective assistance of counsel.

4

[Id. at 17-18.]

We further instructed that "in the event the PCR court on remand decides to grant defendant's petition, the appropriate relief would not be to order a new trial but rather to reoffer the plea agreement." Id. at 23 n.3.

On June 12, 2020, PCR counsel filed a supplemental brief on defendant's behalf. On October 13, 2021, the PCR court held an evidentiary hearing at which the defense called two witnesses, defendant and Marcia Soast, defendant's trial counsel. The State called one witness, the State's prosecutor, Peter Crawford. Three exhibits were moved into evidence: 1) a plea form from the State dated August 10, 2009, offering defendant a thirty-year term of incarceration with no parole eligibility in addition to various monetary penalties, conditioned on truthfully testifying at trial against Pierce (S-1); 2) a case scheduling order (S-2); and 3) a pretrial memorandum dated May 27, 2011 (S-3).

At the outset of the evidentiary hearing, the PCR court ruled that, other than the issues on remand, the application was time-barred under Rule 3:22-4. The PCR court did not find that any of the exceptions to the temporal limitations on a subsequent PCR petition applied because all of the additional grounds asserted could have been raised in a prior proceeding, there was no fundamental

5

injustice, and the denial of the relief would not be contrary to a new rule or constitutional authority. Thus, the PCR court narrowed the hearing to the issues we directed the trial court to address on remand.

The PCR court noted this court had an incomplete record when considering defendant's prior PCR appeal. Specifically, the record lacked evidence that the State had also offered defendant a plea for a twenty-five-year term of incarceration that reduced the first-degree murder charge to one of aggravated manslaughter pursuant to N.J.S.A. 2C:11-4(c). The PCR court considered the recording of a May 27, 2011 pretrial hearing, which confirmed the State offered a pretrial plea agreement with a recommended twenty-five-year term of incarceration.

The PCR court found Soast's testimony to be clear, concise, unequivocal and credible. Soast testified that the initial plea offer was for thirty years of incarceration, contingent on defendant's truthful testimony against Pierce but prior to trial the State changed the offer to twenty-five years. Soast reviewed the pretrial memorandum to refresh her memory and testified that the State offered defendant a proposed plea of guilty to aggravated manslaughter with a recommended twenty-five years of incarceration and eighty-five percent parole ineligibility, pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

Soast stated that the proposed plea offer in the pretrial memorandum did not require defendant to testify against Pierce.

Soast testified that she met with defendant numerous times to discuss the case and the plea offers. She thought twenty-five years was an offer he should seriously consider because this was a complicated case with strong proofs tying defendant to the murder of a child through forensic evidence of the bullet as well as witness testimony. Although defendant was asserting self-defense, which Soast concluded was plausible, there was an issue about defendant's possession of a weapon during the incident and a prior weapons offense. In addition to the murder charges, defendant was facing various weapons charges with exposure to potential significant jail time.

Soast testified that defendant was not initially inclined to accept the plea offer. But, as the trial date came closer, defendant became increasingly interested in accepting the offer. However, at that point the State had added the contingency that Pierce also plead guilty. Ultimately, since Pierce would not agree to a plea offer, the case proceeded to trial.

The PCR court found defendant's testimony at the evidentiary hearing was less credible than Soast's since he did not give any detailed testimony and some of his responses were confusing. Defendant asserted at the hearing that the

7

initial plea offer was for twenty-five years to aggravated manslaughter and included a condition that he testify against Pierce. Defendant stated he wanted to plead guilty but "didn't want to testify" and was, therefore, unable to accept the plea offer. Defendant also testified to meeting with his trial counsel "many" times to discuss the merits of the case. He understood that success at trial on his assertion of self-defense would be "hard to get."

On cross-examination, defendant asserted he testified truthfully at trial that it was Pierce's bullet that struck the victim. Defendant also testified that, if he had taken the plea agreement for aggravated manslaughter, he would have "admitted that it was [his] bullet that struck the victim." Defendant acknowledged his trial testimony would not have been truthful if he had already pled guilty to the factual predicate for aggravated manslaughter.

The PCR court found Crawford's testimony to be "absolutely credible" since he testified clearly, without hesitancy, and unequivocally with direct eye contact. Crawford also testified that the original thirty-year plea offer was reduced to twenty-five years prior to trial with eighty-five percent NERA parole ineligibility for first-degree aggravated manslaughter. Crawford further testified that the only condition to defendant's offer "was the truthful[,] factual [testimony] regarding co-defendant, and [that defendant] agree to testify

truthfully at trial." Crawford said that it was "never [his] offer that [the] plea was actually contingent upon . . . Pierce pleading guilty." Additionally, Crawford testified that defendant was only "willing to plead guilty under his own terms, and that he didn't want to under the State's terms, which was namely give a truthful[,] factual [testimony] regarding the co-defendant."

Crawford explained that when Soast said during sentencing that defendant would have pled guilty if there had not been the contingency that Pierce also plead guilty, he did not correct her because the focus of the court at that time was on sentencing and "not to go over the terms of the plea agreement again." Further, Crawford testified that the State would "never have gone lower than" the twenty-five-year offer "because of the serious nature of the case." Crawford also clarified that under any plea agreement, defendant would have been required to testify truthfully during plea allocution, at his sentencing hearing and at Pierce's trial.

Crawford proffered that some of the pretrial documentation was missing the requirement that defendant testify truthfully in order to accept the plea offer because of an "oversight." However, he said the State "would never drop that condition" and although it was "left . . . off the form," it was not "left . . . off the offer." Crawford testified that this oversight would not have caused confusion

9

for defendant because "frankly this case [dragged] on for three or four years in the pretrial process" and the State "had plenty of discussions" with defendant through his trial counsel "about what he needed to do or not do." Crawford said defendant could have accepted the offer up until the start of trial, regardless of whether Pierce also pled guilty.

At the conclusion of the hearing, the PCR court orally denied defendant's petition. The PCR court discussed each of the four issues directed be addressed on remand, finding the testimony at the evidentiary hearing detailed "the precise terms of the plea offer," "the circumstances under which [the offers] were tendered," and that defendant could have "accepted that plea offer regardless of what the co-defendant . . . was going to do . . . with respect to the charges against him." The PCR court also determined that defendant's trial counsel discussed with him the strengths of his case and his potential sentence exposure.

The PCR court found precise terms of the plea offer were established by the testimony of Soast and Crawford, as well as through S-1 and S-3. The PCR court concluded the State never attached a contingency that Pierce plead guilty to any plea offer. The PCR court found the initial plea offer on August 10, 2009, set forth in S-1, was thirty-years imprisonment subject to NERA with eighty-five percent parole ineligibility with the requirement that truthful testimony be

provided at trial on the charges against Pierce, and waiver of any appeal.  The pretrial memorandum, S-3, along with Crawford's credible testimony, memorialized the plea offer of twenty-five-years imprisonment on the same terms with the offer remaining open for acceptance until trial.

The PCR court found defendant's testimony that his first awareness of the plea offer was by way of the pretrial memorandum was factually inaccurate based upon S-1, dated August 10, 2009, which set forth an initial plea offer of thirty-years imprisonment subject to NERA with an agreement to testify truthfully at trial and a waiver of the right to appeal.  Although the conditions set forth in S-1 did not appear in the pretrial memorandum (S-3), the court found Crawford's unequivocal and adamant testimony as to the conditions of the twenty-five-year plea offer to be credible in that there was never a condition that Pierce also plead guilty.

The PCR court found that there was no ineffective assistance of counsel on either prong of the Strickland[2] test.  Further, the PCR court found that "[t]here's no prejudice to the defendant.  There was nothing to be prejudiced. He made a conscious decision, for whatever reason . . . to [reject] the State's

_____

[2]  Strickland v. Washington, 466 U.S. 668 (1984).

A-2124-21

plea offer" and that defendant "wasn't going to testify against the co-defendant in this matter."

On October 13, 2021, the PCR court memorialized its decision denying defendant's PCR petition in a written order. The order specifies that all non-remanded claims were time barred pursuant to Rule 3:22-4 and exceeded the scope of the limited proceeding.

This appeal follows. Defendant raises the following contentions on appeal:

POINT ONE

[DEFENDANT] IS ENTITLED TO RELIEF ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO ADVISE HIM ADEQUATELY ABOUT THE STATE'S PLEA OFFER.

POINT TWO

[DEFENDANT]'S CLAIM THAT COUNSEL RENDERED INEFFECTIVE ASSISTANCE FOR FAILING TO FILE A MOTION FOR IMPROPER JOINDER MUST BE REMANDED FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW.

PCR is New Jersey's response to the federal writ of habeas corpus. State v. Preciose, 129 N.J. 451, 459 (1992). To succeed in obtaining PCR, a defendant must "'establish, by a preponderance of the credible evidence, that he [or she] is

entitled to the requested relief.'" State v. Mitchell, 126 N.J. 565, 579 (1992) (quoting State v. Marshall, 244 N.J. Super. 60, 69 (Law Div. 1990)).

Determining whether counsel's performance was ineffective for purposes of the Sixth Amendment to the United States Constitution requires analysis under the standards formulated in Strickland, 466 U.S. at 687-88, and adopted by the Court in State v. Fritz, 105 N.J. 42, 58 (1987). To prevail on a claim of ineffective assistance of counsel, defendant must meet the two-prong test of establishing that: (l) counsel's performance was deficient and counsel made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment, Strickland, 466 U.S. at 687; and (2) the defect in performance prejudiced defendant's right to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Our "review is necessarily deferential to a PCR court's factual findings based on its review of live witness testimony." State v. Nash, 212 N.J. 518, 540 (2013). However, a PCR court's interpretation of the law is reviewed de novo. Id. at 540-41.

"'Ineffective-assistance-of-counsel claims are particularly suited for post-conviction review because they often cannot reasonably be raised in a prior

13

proceeding.'" State v. Hess, 207 N.J. 123, 145 (2011) (quoting Preciose, 129 N.J. at 460). As set forth in Lafler v. Cooper, 566 U.S. 156, 164 (2012), to establish prejudice when a defendant has rejected a plea offer on the basis of deficient advice, the defendant must show that but for the ineffective advice, there is a reasonable probability "that the defendant would have accepted the plea and the prosecution would not have withdrawn it," "the court would have accepted its terms," and "the conviction or sentence, or both," under the plea "would have been less severe" than the judgment and imposed sentence. To establish a prima facie case of ineffective assistance of counsel, a defendant must present legally competent evidence rather than "bald assertions." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Defendant has not met that standard.

We turn first to defendant's argument that his trial counsel rendered ineffective assistance by failing to advise him adequately about the State's plea offer. This allegation is entirely unsubstantiated by the record. Providing the deference due to the PCR court's findings of fact, the record establishes that Soast met with defendant many times and reviewed with him all aspects of the case, the likelihood of success at trial, the sentencing exposure, and all iterations of the plea agreements proffered by the State. Soast testified that she advised

14

defendant that he had a "complicated" case and never discouraged him from accepting the plea agreement. The PCR court found Soast's testimony credible, in fact "much more credible than the defendant in this matter."

We see no wisdom in disturbing the PCR court's factual findings. See State v. Gideon, 244 N.J. 538, 551 (2021). Based on our thorough review of the record before the trial court and prevailing law, defendant has failed to establish counsel's performance was deficient sufficient to meet the first prong of the Strickland standard. 466 U.S. at 687.

Even if defendant had shown his trial counsel's performance was deficient, defendant has also failed to establish the second prong of Strickland which requires that defendant show he was prejudiced. Ibid. At the evidentiary hearing before the PCR court, defendant posited that he truthfully testified that it was a bullet from Pierce's gun that hit and ultimately killed B.T. In order for defendant to have accepted a plea offer, he would have had to accept the State's requirement that he testify truthfully at allocution and during Pierce's trial. Pleading guilty to aggravated manslaughter would necessarily require defendant to testify that it was a bullet from his own gun that killed B.T. As defendant continues to maintain it was not his bullet, he cannot claim he was prejudiced by not accepting an agreement that would require untruthful testimony.

> [O]ur court rules and case law do not permit either the taking of a plea, or the sanctioning of one, that is based on a known lie. Because a trial court cannot give its seal of approval to, or become complicit in, a defendant's plan to commit perjury at a plea hearing, a PCR court, engaging in a hindsight review, cannot hold that a plea would have been acceptable had a defendant lied under oath.
>
> [State v. Taccetta, 200 N.J. 183, 186 (2009).]

As defendant's first argument fails under both prongs of Strickland, we now turn to defendant's second contention that his trial counsel rendered ineffective assistance for failing to file a motion for improper joinder. The PCR court rejected this argument as improper since it was not raised to the trial court or on direct appeal. "A petitioner is generally barred from presenting a claim on PCR that could have been raised at trial or on direct appeal, R[ule] 3:22-4(a), or that has been previously litigated, R[ule] 3:22-5." Nash, 212 N.J. at 546. We agree that the improper joinder claim is procedurally barred under Rule 3:22-4.

Further, the PCR court found these arguments were outside of the limited scope of the remand. We agree. The parameters of the remand were clearly defined. The purview of the PCR court was "to convene an evidentiary hearing solely on defendant's contention that counsel rendered ineffective assistance with respect to the advice counsel gave to defendant concerning the State's plea offer." Lindsey II, slip op. at 23. "In all other respects, we affirm[ed] the PCR

16

court's decision to deny defendant's petition without a hearing." Ibid.

Defendant's newly raised argument on improper joinder is beyond the scope of this appeal, and we need not consider it further.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

17

A-2124-21