**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0124-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ANDRE WILLIAMS,

    Defendant-Appellant.

_____

Submitted December 3, 2025 – Decided March 17, 2026

Before Judges Vanek and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 90-05-2549.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Andrew Burroughs, Designated Counsel, on the briefs).

Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Matthew E. Hanley, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Andre Williams appeals from a June 18, 2024 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

On March 7, 1989, three Newark police officers responded to reports of an aggravated assault involving a firearm at the intersection of Grand Avenue and South Orange Avenue in Newark. On arrival, they observed two suspects, later identified as defendant and T.H., ages sixteen and thirteen, respectively, inside a stolen Ford vehicle.[1] They exited the car and fled on foot.

As the officers ordered them to stop, defendant fired multiple shots at them. They arrested T.H. but did not find a weapon in his possession. T.H. identified defendant, who was later apprehended, as the shooter.

In May 1990, an Essex County grand jury indicted defendant on three counts of second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1), and one count of third-degree receiving stolen property, N.J.S.A. 2C:20-7.

Defendant was waived to adult criminal court. In October 1991, defendant pleaded guilty to all counts and was later sentenced to seven years' imprisonment with a three-year period of parole ineligibility.

_____

[1] We use initials to protect the co-defendant's privacy. R. 1:38-3(d)(8).

A-0124-24

Defendant did not appeal his conviction or sentence. On September 8, 2023, defendant filed a self-represented first PCR, contesting the conviction on grounds of ineffective assistance of counsel and procedural irregularities in the juvenile waiver hearing. In April 2024, assigned PCR counsel filed a supplemental letter brief. Because the trial record was unavailable due to the age of the case, counsel appended a "Certification of Lost Verbatim Court Record." Without transcripts or the attorney case file, counsel advised she could not supplement defendant's self-represented assertions with a counseled brief. She requested an adjournment to further search for trial counsel's file. The PCR judge denied the request.

Nonetheless, in his self-represented petition, defendant listed numerous purported bases to establish ineffective assistance of counsel, all of which the PCR judge considered. Specifically, defendant claimed: (1) he was a "special education student" at the time of the juvenile waiver hearing and that his counsel failed to raise this issue for consideration by the Family Court; (2) he had no adult supervision at the juvenile waiver hearing; (3) he was not afforded discovery; (4) a suppression hearing was warranted prior to his juvenile waiver hearing; (5) he was not advised of the opportunity to testify at the juvenile waiver hearing; (6) he was pressured to plead guilty by the prosecutor and trial

3

judge; (7) trial counsel failed to inform him pleading guilty to a second-degree aggravated assault charge would serve as a predicate for future mandatory extended term sentences; (8) trial counsel failed to move to dismiss the indictment on the ground it was not true billed until after the "180-[day] deadline time limitation provided by the Rule"; and (9) trial counsel "failed to inform him of his right to file a petition for post-conviction relief."

On June 18, 2024, the PCR judge heard argument. On the same day, the judge issued an order and accompanying written statement of reasons denying defendant's petition without an evidentiary hearing.

The judge determined defendant's petition was time barred because he had failed to provide "any plausible explanation" that might constitute excusable neglect.[2] The judge further found "there would be significant prejudice to the State if the time bar was to be raised in these circumstances. Indeed, witnesses' memories may have faded, and evidence may have been destroyed."

Notwithstanding the time bar, the judge substantively considered defendant's claims, finding he had failed to establish a prima facie case of

---

[2] In his PCR petition, defendant also alleged his sentence was illegal. The court found that, although not properly filed as a Rule 3:22 motion, an illegal sentence may be corrected at any time. Thus, that aspect of the PCR was not time-barred. The court found defendant's sentence was not illegal and was properly imposed in accordance with law. That ruling is not the subject of this appeal.

ineffective assistance of counsel. Specifically, the judge found defendant had failed to offer any evidence to support his contentions that plea counsel was deficient.

On appeal, defendant raises the following arguments:

POINT I

AS THE PCR COURT ERRED BY DENYING DEFENDANT'S REQUEST FOR AN ADJOURNMENT TO RETRIEVE HIS TRIAL FILE, THE TIME BAR SHOULD BE EXCUSED IN THE INTEREST OF JUSTICE.

POINT II

AS THERE ARE GENUINE ISSUES OF MATERIAL FACTS IN DISPUTE, THE PCR COURT ERRED BY DENYING DEFENDANT'S PCR PETITION WITHOUT AN EVIDENTIARY HEARING.

POINT III

THE MATTER SHOULD BE REMANDED WHERE DEFENDANT CAN BE ASSIGNED COMPETENT PCR COUNSEL. (Not raised below).

POINT IV

NOTHING IN THE STATE'S RESPONSE BRIEF SHOWS THAT DEFENDANT RECEIVED A FAIR PCR PROCEEDING AND EFFECTIVE REPRESENTATION BY PCR COUNSEL.

## II.

In considering a first PCR petition, Rule 3:22-12(a)(1) provides:

> [N]o petition shall be filed pursuant to this rule more than [five] years after the date of entry . . . of the judgment of conviction that is being challenged unless it alleges facts showing that the delay beyond said time was due to defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice.

"The five-year time limit is not absolute." State v. Milne, 178 N.J. 486, 492 (2004). "[A] court may relax the time bar if the defendant alleges facts demonstrating that the delay was due to the defendant's excusable neglect or if the 'interests of justice' demand it." State v. Goodwin, 173 N.J. 583, 594 (2002) (quoting State v. Mitchell, 126 N.J. 565, 576 (1992)). "[A] court should consider the extent and cause of the delay, the prejudice to the State, and the importance of the petitioner's claim in determining whether there has been an 'injustice' sufficient to relax the time limit." State v. Afanador, 151 N.J. 41, 52 (1997) (quoting Mitchell, 126 N.J. at 580). "Absent compelling, extenuating circumstances, the burden to justify filing a petition after the five-year period will increase with the extent of the delay." Ibid. (citing Mitchell, 126 N.J. at 580). Our Supreme Court has found:

A-0124-24

> As time passes after conviction, the difficulties associated with a fair and accurate reassessment of the critical events multiply. Achieving "justice" years after the fact may be more an illusory temptation than a plausibly attainable goal when memories have dimmed, witnesses have died or disappeared, and evidence is lost or unattainable. . . . Moreover, the Rule serves to respect the need for achieving finality of judgments and to allay the uncertainty associated with an unlimited possibility of relitigation. The Rule therefore strongly encourages those believing they have grounds for post-conviction relief to bring their claims swiftly, and discourages them from sitting on their rights until it is too late for a court to render justice.
>
> [Mitchell, 126 N.J. at 575-76.]

"If the [defendant] does not allege sufficient facts, the Rule bars the claim." Id. at 576. See State v. D.D.M., 140 N.J. 83, 97-102 (1995) (holding PCR sentencing claims filed after seven- and eleven-year delays absent compelling circumstances were time barred); State v. McQuaid, 147 N.J. 464, 494-95 (1997) (holding the defendant's request for post-conviction relief seven years after a guilty plea from which he gained substantial benefit does not demonstrate manifest injustice); State v. Marshall, 244 N.J. Super. 60, 69 (Law Div. 1990) (finding "it would be a practical impossibility" to evaluate the constitutionality of a twenty-two-year-old conviction).

We review de novo a trial court's conclusion a defendant's PCR petition is procedurally barred. State v. Harris, 181 N.J. 391, 419 (2004).

7

Defendant asserts the five-year time bar should be relaxed in the interests of justice because his claim is based on purported ineffective assistance of counsel and demonstrates excusable neglect. He further maintains his efforts to amass proofs to corroborate his claims were stymied by the PCR judge's denial of counsel's request for an adjournment to obtain the trial file and court records. We disagree.

Having reviewed the record, we concur with the judge's decision denying PCR counsel's adjournment request. The time between the entry of the judgment of conviction and defendant's first PCR filing was nearly thirty-two years. There is nothing in the record to suggest that had an adjournment been granted, the material in question could be obtained, as there is no indication it is even extant or retrievable. Moreover, we discern nothing erroneous in the judge's observation the State would have been "extremely" prejudiced in having to relitigate defendant's case from 1989, entailing, as the PCR judge found, witnesses with faded memories and missing or "destroyed" evidence. Our precedent has recognized the prejudicial impact of prolonged delays. See Afanador, 151 N.J. at 52; Mitchell, 126 N.J. at 575-76.

Defendant also asserts, for the first time on appeal, that PCR counsel was ineffective by failing to secure an affidavit from defendant's trial counsel and

8

any other relevant witnesses. He also contends PCR counsel should have filed a motion to reconstruct the record. Finally, he alleges PCR counsel did not vigorously advocate on his behalf, submitting a "pro forma" merits brief, failing to file a reply brief, and "remain[ing] mute" during oral argument.

Notwithstanding our de novo conclusion that defendant's application was time barred, we briefly address his ineffective assistance of trial counsel claims. We follow the standard articulated by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984), adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987).

To prove ineffective assistance, a defendant must first demonstrate counsel's performance was deficient. Strickland, 466 U.S. at 687. Performance is deficient when "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Ibid. "Judicial scrutiny of counsel's performance must be highly deferential," and a reviewing "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

A defendant asserting plea counsel's assistance was ineffective may meet the first prong of Strickland if he can show counsel's representation fell short of the prevailing standards expected of criminal defense attorneys. Padilla v.

Kentucky, 559 U.S. 356, 366-67 (2010). Plea counsel's performance will not be deemed deficient if counsel has provided the defendant "correct information concerning all of the relevant material consequences that flow from such a plea." State v. Agathis, 424 N.J. Super. 16, 22 (App. Div. 2012) (citing State v. Nuñez-Valdéz, 200 N.J. 129, 138 (2009)). Stated another way, counsel must not "provide misleading, material information that results in an uninformed plea." State v. Gaitan, 209 N.J. 339, 353 (2012) (quoting Nuñez-Valdéz, 200 N.J. at 139-40).

Next, to show prejudice, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. A defendant must present more than bald assertions or conclusory statements. State v. Porter, 216 N.J. 343, 355 (2013).

In the plea context, a "defendant must establish a reasonable probability that he or she would not have pled guilty but for counsel's errors." State v. Vanness, 474 N.J. Super. 609, 624 (App. Div. 2023) (citing Gaitan, 209 N.J. at 351). Thus, "a [defendant] must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." State v.

10

O'Donnell, 435 N.J. Super. 351, 371 (App. Div. 2014) (quoting Padilla, 559 U.S. at 372).

Because the PCR court did not conduct an evidentiary hearing, we review its factual and legal determinations de novo. Harris, 181 N.J. at 421.

We are satisfied the PCR judge reasonably found defendant's enumerated claims were insufficiently specific, uncorroborated, legally unsupported, or conclusory. The PCR judge rejected defendant's claims regarding his juvenile waiver hearing, finding no evidence the trial court had ignored his special education status, denied him supervision, withheld discovery, barred his testimony, or required a suppression hearing. The judge emphasized defendant had failed to provide supporting evidence or specify how any alleged errors affected the proceedings. The judge also rejected defendant's ineffective assistance of counsel claims, noting he had not presented evidence demonstrating plea counsel coerced him to plead guilty,[3] failed to inform him of the consequences of pleading guilty, or failed to advise him of his right to file for post-conviction relief. Further, we see no error in the PCR judge's finding defendant failed to show prima facie prejudice in trial counsel's performance.

---

[3] In the absence of a transcript of the plea proceeding, there is nothing in the record to support defendant's allegation that the prosecutor or trial judge pressured him to plead guilty.

11 <span>A-0124-24</span>

See <u>Porter</u>, 216 N.J. at 355; <u>Strickland</u>, 466 U.S. at 694. <u>See also</u> <u>State v. Wilkerson</u>, 321 N.J. Super. 219, 227 (1999) (holding defense counsel's failure to advise the defendant "of possible or even potential enhancement consequences of future aberrant conduct is not ineffective assistance of counsel").

Because defendant did not make a prima facie showing under either prong of <u>Strickland</u>, he was not entitled to an evidentiary hearing. <u>See</u> <u>State v. Preciose</u>, 129 N.J. 451, 462–63 (1992) (holding to obtain an evidentiary hearing on a PCR application alleging ineffective assistance of counsel, a defendant must make a prima facie showing of deficient performance and actual prejudice).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-0124-24