111 N.J. Super. 574 (1970)
270 A.2d 59
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ROBERT E. JOHNS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 5, 1970.
Decided October 22, 1970.
*575 Before Judges CONFORD, KOLOVSKY and CARTON.
Mrs. Rosemary Reavey, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney).
Mr. Barnett E. Hoffman, Assistant Prosecutor, argued the cause for respondent (Mr. Edward J. Dolan, Middlesex County Prosecutor, attorney).
The opinion of the court was delivered by KOLOVSKY, J.A.D.
Prior to January 11, 1968 one convicted of incest could not be committed under the Sex Offender Act, N.J.S.A. 2A:164-3 et seq., because "the crime of incest [was] not included among the sex offenses specified in the statute." State v. Bray, 67 N.J. Super. 340, 346 (App. Div. 1961). An amendment of N.J.S.A. 2A:164-3, effective January 11, 1968, added "incest" to the crimes to which the act applies.
The substantive question sought to be argued on this appeal is whether, in view of the prohibition against ex post facto legislation found in the Federal and State Constitutions, the 1968 amendment may constitutionally be applied to one who committed incest prior to January 11, 1968. Defendant was found guilty at the trial held in July 1968 of an indictment charging him with having had incestuous relations with his daughter between March and December 21, 1967.
*576 The posed question was answered in the affirmative by the sentencing judge on September 9, 1968 when he committed defendant to the Diagnostic Unit, State Prison Farm in Rahway, under the Sex Offender Act, and again on January 31, 1969 when he denied defendant's pro se motion to correct an allegedly illegal sentence.
No appeal was taken by defendant either from the original conviction and sentence or from the denial of the motion to correct the sentence. Such appeal would have been the appropriate vehicle to bring the question before us. The course which defendant has pursued  a petition for post-conviction relief filed October 14, 1969, seeking to relitigate the same issue, followed by this appeal from the dismissal of the petition  is not. See R. 3:22-5.
Nevertheless, we are satisfied that the constitutional problem presented is of sufficient import to call for relaxation of the rules so that we may consider the question on its merits.
In ruling adversely to defendant the trial court relied on cases which held that commitment under the Sex Offender Act does not entail a heavier penalty on the offender. Those courts therefore rejected both the contention that the Sex Offender Act deprives the offender committed thereunder of equal protection of the laws, see State v. Wingler, 25 N.J. 161, 174-175 (1957), and the contention that it was a denial of due process to find one a sex offender on the basis of the Diagnostic Center report without affording him an adversary-type hearing on the merits of the report. See, e.g., State v. Blanford, 105 N.J. Super. 56, 60 (App. Div. 1969), remanded for further sentencing proceedings sub nom. State v. Horne, 56 N.J. 372 (1970).
However, the fact that a sentence under the Sex Offender Act does not constitute more severe or greater punishment is not dispositive in determining whether the 1968 amendment constitutes, if applied to defendant, ex post facto legislation.
*577 In the leading case of Lindsey v. Washington, 301 U.S. 397, 57 S.Ct. 797, 799, 81 L.Ed. 1182 (1937), the court, in holding the sentencing statute there involved to be ex post facto legislation, said:
The Constitution forbids the application of any new punitive measure to a crime already consummated, to the detriment or material disadvantage of the wrongdoer. * * *
We need not inquire whether [the statutory change] is technically an increase in the punishment annexed to the crime, * * *. It is plainly to the substantial disadvantage of petitioners * * *. [301 U.S. at 40, 57 S.Ct. at 799.]
It is therefore not of controlling significance that a provision for commitment under the Sex Offender Act does not authorize more severe punishment than that provided in the Crimes Act section relating to incest, N.J.S.A. 2A:114-2. It does authorize different treatment of and consequences to a defendant.
As the court recently stated in State v. Horne, 56 N.J. 372 (1970):
Nor is there any question that, even if it be accepted as not more burdensome, a sentence under the Sex Offender Act differs in various respects from an ordinary sentence for the substantive offense. See State v. Blanford, supra, 105 N.J. Super. at 59-60; State v. Schreffler, 63 N.J. Super. 148, 152 (App. Div. 1960). [at 377]
Among those differences  see the itemization in State v. Blanford, supra, 105 N.J. Super. at 59-60  are some of potentially substantial disadvantage to a prisoner. The Supreme Court, in State v. Horne, supra, held that those differences were of sufficient import to entitle a defendant who "duly challenge[s] the sufficiency or any material aspect of the Center's report" to a full hearing, "to be confronted with the witnesses against him, with the right to cross-examine and with the right to offer evidence on his own behalf." 56 N.J. at 375.
Such recognition of the substantial quality of those differences mandates, in our view, our holding that to subject *578 a defendant to those differences in treatment by retroactive legislation runs counter to the ban on ex post facto laws.
Subsequent to the filing of the briefs in this matter, defendant filed two motions incorporating additional contentions, none of which however has any merit.
The commitment of defendant under the Sex Offender Act is vacated and the matter remanded to the trial court for imposition of sentence under N.J.S.A. 2A:114-2. Defendant will, of course, be entitled to appropriate credits for the time he has been confined.