**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3418-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DUAN SHAHEED, a/k/a
RAKIM DOWNEY, ALMUNIR
SHAHID,

    Defendant-Appellant.

_____

Argued November 12, 2025 – Decided December 1, 2025

Before Judges Susswein and Chase.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 00-04-1155.

David A. Gies, Designated Counsel, argued the cause for appellant (Jennifer N. Sellitti, Public Defender, attorney).

Lucille M. Rosano, Assistant Prosecutor, argued the cause for respondent (Theodore N. Stephens, II, Essex County Prosecutor, attorney; Lucille M. Rosano, of counsel and on the brief).

Appellant filed a brief on appellant's behalf.

PER CURIAM

Defendant Duan Shaheed appeals from a May 31, 2024 Law Division order denying his motion to correct an illegal sentence. We affirm.

I.

We incorporate the facts and procedural history set forth in our prior unpublished opinions: State v. Duan Shaheed (Shaheed I), No. A-2654-02 (App. Div. May 5, 2006), certif. denied, 188 N.J. 354 (2006); State v. Duan Shaheed (Shaheed II), No. A-5471-07 (App. Div. Feb. 8, 2010); State v. Duan Shaheed (Shaheed III), No. A-6020-11 (App. Div. Oct 16, 2012), certif. denied, 213 NJ. 538 (2013); State v. Duan Shaheed (Shaheed IV), No. A-2110-14 (App. Div. Oct. 6, 2016), certif. denied, 299 N.J. 248 (2017); and State v. Shaheed (Shaheed V), No. A-3932-17 (App. Div. April 16, 2019), certif. denied, 239 N.J. 261 (2019). We briefly summarize the facts to lend context to the present appeal.

On December 19, 1998, V.F. and D.H.,[1] were riding in V.F.'s blue Mazda stopped at a red light, and another vehicle pulled up along the driver's side of V.F.'s car. Shaheed I at 5. Two men, later identified as defendant and James Lamont Tutt ("co-defendant"), exited from the vehicle, each possessing a gun,

---

[1] We use initials to identify the victims.

and approach V.F.'s car, one on each side.  Id. at 5-6.  The men told V.F. and D.H. to exit the vehicle and give them their jackets.  Id. at 6.  As V.F. exited the vehicle, he heard two or three gunshots.  Ibid.  Defendants took jackets from both men, together with $40 to $50 from D.H.  Ibid.  They then drove off in V.F.'s car, after which V.F. telephoned the police.  Ibid.

Approximately half an hour later, two juveniles, J.B. and T.W., were walking down the street when they saw a blue Mazda stop in front of them.  Ibid. An individual exited the Mazda and was heard saying "take it off."  Ibid.  One of the juveniles gave up his jacket and the perpetrator returned to the blue Mazda and drove away.  Ibid.

About an hour later, two other victims, A.S. and C.V., were walking down the street when they were approached by the Mazda.  Id. at 6-7.  C.V. saw the passenger door open, heard someone shout "[y]o holdup," and witnessed the front passenger start shooting.  Id. at 7.  Upon hearing shots, C.V. ran in the opposite direction, was shot, and hid for about ten to fifteen minutes.  Ibid. When he returned to the scene, he witnessed A.S. lying face down in a pool of blood.  Ibid.  A.S. subsequently died from gunshot wounds to the neck and head. Ibid.

A-3418-23

Over the course of an investigation conducted by detectives and investigators from the Essex County Prosecutor's Office, defendant and his co-defendant were identified by the victims in photo arrays.

In April 2000, defendant and his co-defendant were charged in a sixteen-count indictment with second-degree conspiracy to commit carjacking, robbery and aggravated arson, N.J.S.A. 2C:5-2, 2C:15-1, 2C:15-2 & 2C:17-1 (count one); first-degree carjacking, N.J.S.A. 2C: 15-2a(2) (count two); six counts of first-degree robbery (one for each victim), N.J.S.A. 2C:15-1 (counts three, four, seven, eight, nine and ten); three counts (for V.F., D.H., and C.V.) of second-degree aggravated assault, N.J.S.A. 2C:12- lb(1) (counts five, six and eleven); first-degree felony murder of A.S., N.J.S.A. 2C: 1 1-3a(3) (count twelve); third-degree unlawful possession of a handgun without a permit, N.J.S.A. 2C:39-5b (count fourteen); second-degree possession of a handgun for an unlawful purpose, N.J.S.A. 2C:39-4a (count fifteen); and second-degree aggravated arson, N.J.S.A. 2C: 17-lb (count sixteen). Id. at 1-2.

Defendant and his co-defendant were tried together in May and June 2001. Id. at 2. The jury returned a partial verdict finding defendant guilty on count seven (robbery of T.W.), count eight (robbery of J.B.), count fourteen (possession of a handgun without a permit), and count fifteen (possession of a

handgun for an unlawful purpose); finding defendant not guilty on count one (conspiracy) and count sixteen (arson); but were unable to reach a verdict on the remaining counts. Id. at 2-3.

Defendant was retried before another jury. At the close of the case, the court granted defendant's motion for acquittal as to: counts nine and ten—robbery; and count twelve—felony murder. Ibid. The jury then found defendant guilty on: count two—first degree carjacking; counts three and four—first degree robbery of V.F. and D.H.; and counts five, six, and eleven—second degree aggravated assault of V.F., D.H., and C.V. Id. at 3-4. Defendant was acquitted on count thirteen—murder; however, the jury found him guilty of the lesser-included offense—first degree aggravated manslaughter of A.S. Id. at 4.

Defendant was sentenced to an aggregate term of forty- years with an eighty-five percent parole ineligibility term pursuant to the No Early Release Act ("NERA"), N.J.S.A. 2C:43-7.2, as follows: count two (first-degree carjacking of V.F.)—twenty years subject to NERA; count three (first-degree robbery of V.F.)—twenty years subject to NERA, to run consecutively to count two; counts four, seven & eight (first-degree robbery of D.H., T.W., and J.B.)—twenty years subject to NERA, all concurrent to count two; counts five, six & eleven (second-degree aggravated assault of V.F., D.H., and C.V.)—ten years

subject to NERA, all concurrent to count two; count thirteen (lesser included first-degree aggravated manslaughter of A.S.)—twenty years, concurrent to count two; count fourteen (third-degree unlawful possession of firearm)—five years, concurrent to count two; and count fifteen (second-degree possession of handgun for an unlawful purpose)—five years with five years parole ineligibility, concurrent to count two. Id. at 5.

Defendant appealed his convictions and sentence. We affirmed his convictions and the twenty-year sentence for carjacking under count two but remanded the matter to the trial court for reconsideration of the remaining sentences in light of State v. Natale[2]. Shaheed I, at 5. We also ordered the trial court to state its reasons for imposing a consecutive sentence in accordance with State v. Yarbough[3] and merge counts five, six, and eleven—aggravated assault—with counts three, four, and ten—robbery. Id. at 41-43. Specifically, on the issue of merger, this court stated:

> Lastly, although not raised on appeal, it appears that defendant's convictions on Counts Five, Six, and Eleven (second-degree aggravated assaults[]) should have merged into the convictions for first-degree robbery of the same victims (Counts Three, Four, and Ten, respectively). State v. Mirault, 92 N.J. 492, 503

---

[2]  184 N.J. 458 (2005).

[3]  100 N.J. 627 (1985).

(1983). We direct that the trial judge address this issue after notice to the State and defendant on re-sentencing.

[Shaheed I, at 42-43.]

On remand, the court considered the aggravating and mitigating factors and the consecutive aspect of the original sentence and imposed the same sentence. Defendant again appealed his sentence, and on an Excessive Sentence Oral Argument ("SOA") calendar, we remanded for reconsideration regarding: (1) merger on certain counts; (2) whether a lesser sentence should have been imposed on certain counts under Natale; and (3) reasoning, per Yarbough, as to why consecutive sentences were imposed. Shaheed II, at 1.

Defendant was resentenced again. Notably, regarding merger of the carjacking and robbery, defendant's counsel stated: "they're obviously separate crimes or they would have been merged. We're not arguing for merger here." (Emphasis added). Similarly, the prosecutor stated: "[A]s the State has noted carjacking is separate from robbery when it comes to merger but also, when it comes to the act itself." Thus, we ruled:

> The first issue that the [c]ourt will address is the issue of mergers. It appears from both parties that an agreement has been arrived between the defendant and the State with reference to the mergers of the various counts, . . . as a result of the agreement the [c]ourt does not see any additional need to further comment on that issue.

7

[(Emphasis added).]

Ultimately, after weighing the aggravating and mitigating factors, and analyzing Yarbough, the court imposed the same forty-year sentence.

Defendant again appealed his sentence and after another SOA panel heard argument, we affirmed holding that we were "satisfied that the sentence [was] not manifestly excessive or unduly punitive and [did] not constitute an abuse of discretion." Shaheed III, at 1.

Defendant subsequently filed a timely application for post-conviction relief ("PCR"), which was denied. On appeal, we vacated the denial and remanded for an evidentiary hearing. See generally, Shaheed IV. Following an evidentiary hearing, the trial court issued an amended order again denying defendant's PCR petition and we affirmed. See generally, Shaheed V.

In 2023, defendant moved to correct what he claimed was an illegal sentence, arguing that the sentencing court was required to merge the first-degree robbery conviction of V.F. under count three with the first-degree carjacking conviction under count two because the two convictions involved the same victim and the same criminal episode. The Law Division denied defendant's application, finding that the defendant's motion was procedurally barred under Rule 3:22-5 and that no illegal sentence was imposed.

On appeal, defendant raises one point for our consideration:

THE LOWER COURT'S ORDER DENYING THE DEFENDANT'S MOTION TO CORRECT AN ILLEGAL SENTENCE WAS NOT SUPPORTED BY SUFFICIENT, CREDIBLE EVIDENCE IN THE RECORD, THEREFORE, THE ORDER SHOULD BE REVERSED AND THE MATTER REMANDED FOR RESENTENCING.

II.

"We review the legality of a sentence de novo, 'affording no special deference to the court['s] interpretation of the relevant statutes.'" State v. Steingraber, 465 N.J. Super. 322, 327-28 (2020) (alteration in original) (quoting State v. Nance, 228 N.J. 378, 393 (2017)) (emphasis added); State v. Drake, 444 N.J. Super. 265, 271 (App. Div. 2016). "There is no temporal limit on a court's ability to review an illegal sentence; 'it may be corrected at any time before it is completed.'" R. 3:21-10(b)(5); State v. Jones, 478 N.J. Super. 532, 540 (App. Div. 2024) (quoting State v. Murray, 162 N.J. 240, 247 (2000)); see R. 3:21-10(b)(5) ("A motion may be filed and an order may be entered at any time . . . correcting a sentence not authorized by law including the Code of Criminal Justice."). "If a defendant's sentence is illegal, a reviewing court must remand for resentencing." Steingraber, 465 N.J. Super. at 328.

Sentences exceeding the maximum penalty prescribed by the New Jersey Code of Criminal Justice or sentences "not imposed in accordance with the law are deemed illegal." Jones, 478 N.J. Super. at 540 (quoting State v. Murray, 162 N.J. 240, 247 (2000)). Where a sentence is challenged as illegal, reviewing courts analyze whether the sentencing court violated sentencing guidelines or legislative policy. State v. Robinson, 217 N.J. 594, 603-04 (2014) (citing State v. Roth, 95 N.J. 334, 364-65 (1984)). However, we are cautioned against substituting our judgment for that of the trial court. State v. Miller, 237 N.J. 15, 28 (2019); State v. Case, 220 N.J. 49, 65 (2014); State v. Cassady, 198 N.J. 165, 180 (2009); State v. Evers, 175 N.J. 355, 386 (2003).

"[M]erger implicates a defendant's substantive constitutional rights." State v. Cole, 120 N.J. 321, 326 (1990). Thus, "[t]he failure to merge convictions results in an illegal sentence for which there is no procedural time limit for correction." State v. Romero, 191 N.J. 59, 80 (2007).

The doctrine of merger prevents a defendant from being punished more than once for a single wrongdoing, see N.J.S.A. 2C:1-8, and is "based on the concept that 'an accused [who] committed only one offense . . . cannot be punished as if it were two.'" State v. Tate, 216 N.J. 300, 302 (2013) (quoting

State v. Davis, 68 N.J. 69, 77 (1975)). New Jersey's "flexible" approach to merger entails:

> analysis of the evidence, in terms of, among other things, the time and place of each purported violation; whether the proof submitted as to one count of the indictment would be a necessary ingredient to a conviction under another count; whether one act was an integral part of a larger scheme or episode; the intent of the accused; and the consequences of the criminal standards transgressed.
>
> [Davis, 68 N.J. at 81.]

### III.

We first address the State's contention that the issue of merger has already been addressed in defendant's five appeals and thus is procedurally barred. Rule 3:22-5 mandates that:

> A prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceedings brought pursuant to this rule or prior to the adoption thereof, or in any appeal taken from such proceedings.
>
> [Rule 3:22-5.]

On direct appeal, we agreed with defendant that the court failed to adequately explain the Yarbough factors and remanded for that reason. Also, we sua sponte ordered the aggravated assault and robbery charges to merge.

<u>Shaheed I</u>, at 42. Thereafter, defendant again raised the issue of merger at the SOA, and we remanded the matter to "consider merger of certain counts." <u>Shaheed II</u>, at 1.

Defendant now raises a separate issue regarding merger: whether count two, carjacking, and count three, robbery of the same victim, should have merged. <u>See</u> <u>State v. McQuaid</u>, 147 N.J. 464, 484 (1997) (stating, regarding PCR, "[p]reclusion of consideration of an argument presented in [PCR] proceedings should be effected <u>only if the issue is identical or substantially equivalent</u>.") (emphasis added). In defendant's other four appeals we did not specifically address the issue of merger of these two counts.

Moreover, "<u>Rule</u> 3:22-5's bar to review of a prior claim litigated on the merits 'is not an inflexible command.'" <u>State v. Nash</u>, 212 N.J. 518, 547 (2013) (quoting <u>State v. Franklin</u>, 184 N.J. 516, 528 (2005)). Relevant here, considering merger implicates a defendant's constitutional rights, the preclusion stipulations of <u>Rule</u> 3:22-5 can be relaxed so that important constitutional issues can be decided on the merits. <u>See</u> <u>State v. Johns</u>, 111 N.J. Super. 574, 576 (App. Div. 1970). Hence, the question of merger, especially considering the constitutional implications, warrants a decision on the merits.

IV.

We next turn to defendant's contention that these robbery and carjacking convictions should merge pursuant to N.J.S.A. 2C:1-8(a)(4) because they are based on the same underlying conduct and involve the same victim.

Preliminarily, we note the nuances of defendant's sentence. Per N.J.S.A. 2C:15-2(b), carjacking is punishable between ten to thirty years in prison; defendant received a twenty-year sentence. Under N.J.S.A. 2C:43-6, first degree robbery is punishable between ten and twenty years in prison; defendant received a twenty-year sentence. Additionally, considering Yarbough's no free crimes element, imposing consecutive sentences for offenses against different victims is permissible. See State v. Vanderee, 476 N.J. Super. 214, 241 (App. Div. 2023); State v. Carey, 168 N.J. 413, 428 (2001); see also State v. Molina, 168 N.J. 436, 442 (2001) (stating "crimes involving multiple victims represent an especially suitable circumstance for the imposition of consecutive sentences . . . ."). There was ample support in the record for the court to impose individual consecutive sentences for the robbery offenses against each of the five victims, which could have resulted in over one hundred years of incarceration. In addition, defendant could have been sentenced to an additional thirty-years for his aggravated manslaughter conviction per N.J.S.A. 2C:11-4(c). See State v.

13

Kelly, 406 N.J. Super. 332, 353 (App. Div. 2009).  Thus, questions of merger notwithstanding, the court, in its discretion, imposed a forty-year sentence, much more lenient than the maximum sentence that would have been permitted under the Code.

The concept of merger is constitutionally based and is designed to prevent multiple punishments for single crime.  State v. Truglia, 97 N.J. 513, 522 (1984).  "If an accused has committed only one offense, he cannot be punished as if for two."  State v. Davis, 68 N.J. at 77.

N.J.S.A. 2C:1-8, codifies the test for merger and, in relevant part, reads:

> a. Prosecution for multiple offenses; limitation on convictions.  When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense.  He may not, however, be convicted of more than one offense if
>
> > (1) One offense is included in the other as defined in subsection d. of this section;
> >
> > (2) One offense consists only of a conspiracy or other form of preparation to commit the other;
> >
> > (3) Inconsistent findings of fact are required to establish the commission of the offenses; or
> >
> > (4) The offenses differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct.

. . . .

d. Conviction of included offenses permitted. A defendant may be convicted of an offense included in an offense charged whether or not the included offense is an indictable offense. An offense is so included when:

(1) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

(2) It consists of an attempt or conspiracy to commit the offense charged or to commit an offense otherwise included therein; or

(3) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest of a lesser kind of culpability suffices to establish its commission.

[N.J.S.A. 2C:1-8.]

As we have noted, our Supreme Court recognizes a "flexible approach" to merger. State v. Miller, 108 N.J. 112, 116-18 (1987) (quoting State v. Brown, 138 N.J. 481, 561 (1994)). "That approach requires [courts] to focus on 'the elements of [the] crime[s] and the Legislature's intent in creating them,' and on 'the specific facts of each case.'" Cole, 120 N.J. at 327 (citing Miller, 108 N.J. at 116-17). Merger applies to "lesser-included offenses, offenses that are a necessary component of the commission of another offense, or offenses that

15

merely offer an alternative basis for punishing the same criminal conduct." Brown, 138 N.J. at 561 (emphasis omitted).

In State v. Drury, 190 N.J. 197, 211 (2007), our Supreme Court held that carjacking is not simply a variety of robbery under a plain language analysis of the two statutes. See also State v. Garretson, 313 N.J. Super. 348, 359 (App. Div. 1998) (affirming the trial court's refusal to charge robbery and theft as lesser-included offenses in trial on carjacking indictment). In Drury, when discussing the interplay between carjacking and robbery, the Court stated:

> Although the first three subsections of these two statutes are nearly identical, there are several important distinctions between the two statutes. Among the differences we find to be significant is that carjacking is always a crime of the first degree, see N.J.S.A. 2C:15-2b, but robbery is ordinarily a crime of the second degree, see N.J.S.A. 2C:15-1b, absent certain defined circumstances. Carjacking, moreover, includes an additional subsection, N.J.S.A. 2C:15-2a(4), that defines the offense in a manner different from robbery. Nor is there any reference to robbery in the carjacking statute that might support the conclusion that carjacking is simply a form of robbery.
>
> [Drury, 190 N.J. at 211.]

There were indeed separate elements that the prosecution needed to prove to obtain convictions on these counts. Carjacking required proving: (1) acting against an occupant or person in control of a motor vehicle; and (2) threatening

16

or knowingly placing that occupant or person in control in fear of immediate bodily harm. Distinctly, first-degree robbery required proving: (1) threatening or placing an individual, while in the commission of a theft, in fear of immediate bodily injury; and (2) the use of a deadly weapon.

The facts adduced at trial establish that two distinct and separate crimes occurred albeit to the same victim in the same course of events. Each crime required proof of an element not required by the other. State v. Eckert, 410 N.J. Super. 389, 393 (App. Div. 2009). Per N.J.S.A. 2C:15-2a(2), the carjacking was complete when defendant forced V.F. from his car at gunpoint and took control of it. Threatening with a gun and instructing the victim to give up his jacket, constituted a first-degree robbery, per N.J.S.A. 2C:15-1. These facts establish two distinct moments of mens rea: first, the intent to steal the car; and second, the intent to steal the jacket. On these specific facts, merger was not required.

Defendant's remaining arguments lack sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Hanley*

Clerk of the Appellate Division

17                                                          A-3418-23