**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0116-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ISAIAH SEBRELL, a/k/a
ISAIAH SERBELL, ISAIAH
M. SEBRELL, and ISAISH
SEBRELL,

    Defendant-Appellant.

_____

Submitted October 14, 2025 – Decided January 20, 2026

Before Judges Natali and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Accusation No. 16-05-1398.

Jennifer N. Sellitti, Public Defender, attorney for appellant (John J. Bannan, Designated Counsel, on the brief).

Grace C. MacAulay, Camden County Prosecutor, attorney for respondent (Rachel M. Lamb, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Isaiah Sebrell was a juvenile at the time he was charged with one count of first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1). After waiving his right to a hearing on a transfer of his case from juvenile to adult court, he pleaded guilty to an accusation charging one count of aggravated manslaughter and was sentenced to a term of eighteen years incarceration, subject to the No Early Release Act ("NERA"), N.J.S.A. 2C:43-7.2, in accordance with the plea. Defendant now appeals from the July 31, 2024 order denying his petition for post-conviction relief ("PCR") based on ineffective assistance of counsel, arguing the PCR court erred in finding plea counsel's representation was not deficient under Strickland v. Washington, 466 U.S. 668, 687 (1984). Discerning no support for defendant's claim of ineffective assistance of plea counsel, we affirm.

We recount only the history relevant to defendant's appeal. Defendant was seventeen years old when he was charged with first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1), for the murder of a twenty-four year-old in October 2015.

In May 2016, the court conducted a waiver hearing before a judge in the Family Part. At the hearing, defendant voluntarily waived his right to have the

A-0116-24

judge determine whether his case would be transferred to the Criminal Part (adult court). He testified that he understood and agreed to the transfer of his case from "juvenile to adult" court, that the adult court would have authority over the rest of the proceedings, and that his "exposure for the offense that is alleged against [him] is more significant than [it] would be in juvenile court."

Defendant further acknowledged that his decision was made knowingly and voluntarily. Following counsel's voir dire of defendant, the prosecutor asked him whether his attorney had answered all his questions and whether he was satisfied with her representation. Defendant responded "[y]es" to both questions. The prosecutor also asked whether he understood "that once, you waive to adult court, it's a one-way street, there's no coming back to juvenile court after you waive." Defendant responded, "[y]es, I understand." The following colloquy occurred:

> PROSECUTOR: And do you understand that in juvenile court on charge of murder, you face an exposure of up to 20 years in . . . incarceration . . . ?
>
> DEFENDANT: Yes.
>
> PROSECUTOR: But in adult court, however, on the charge of murder you face a maximum exposure of life in prison, do you understand that?
>
> DEFENDANT: Yes.

A-0116-24

. . . .

PROSECUTOR: We effectively have an agreement for a plea in adult court, is that correct?

DEFENDANT: Yes.

PROSECUTOR: But you also understand that agreement is not conditioned upon you voluntarily waving, meaning that if something happens with that [plea] deal, it falls apart, . . . you're still – you're going to remain in adult court, is that correct?

DEFENDANT: Yes.

Two days later, before a different judge and in the Criminal Part, defendant pled guilty to a single count of first-degree aggravated manslaughter as charged in an accusation.[1] He admitted that on October 17, 2015, he shot the victim, who died as a result of his injuries, his plea was voluntarily—not under force or threat—and he was satisfied with the services and advice of plea counsel.

As noted, the court sentenced defendant to eighteen years incarceration, in accordance with the plea agreement. The court declined to apply mitigating factor thirteen, N.J.S.A. 2C:44–1(b)(13) (the conduct of a youthful defendant was substantially influenced by another person more mature than the defendant),

---

[1] Defendant waived his right to an indictment and agreed to plea to an accusation..

given his age at the time he committed the crime and instead found "no mitigating factors." Conversely, the court found aggravating factors three, N.J.S.A. 2C:44-1(a)(3) (the risk that the defendant will commit another offense), and nine, N.J.S.A. 2C:44-1(a)(9) (the need for deterring the defendant and others from violating the law).

Defendant appealed his sentence, arguing that the sentencing court failed to consider his youth as a mitigating factor and that he was unable to pay restitution, which we heard on the sentencing calendar. We affirmed defendant's sentence, finding no abuse of discretion in sentencing, but remanded for reconsideration on the grant of restitution. State v. Sebrell, No. A-005506-17 (App. Div. Jan. 9, 2019). We concluded:

> the findings of fact regarding aggravating and mitigating factors were based on competent and credible evidence in the record, that the court correctly applied the sentencing guidelines enunciated in the Code, and that the court did not abuse its discretion in applying the sentencing guidelines.
>
> [Id. at 1 (citing State v. Cassady, 198 N.J. 165 (2009); State v. Roth, 95 N.J. 334 (1984)).]

In August 2022, defendant filed a pro se petition for PCR based on ineffective assistance of plea counsel. He later filed an amended counseled PCR petition and supplemental certification, arguing plea counsel failed to: contest

5

his waiver from juvenile to criminal court; provide him with discovery prior to waiver; argue youth as a mitigating factor at sentencing; and file an appeal after his sentencing.

The PCR court rejected these arguments and issued a decision and order, denying defendant's PCR petition under Strickland. The court found defendant's sentencing claims had been raised on direct appeal and were thus barred under Rule 3:22-4. The court also concluded defendant's claims pertaining to the waiver hearing would not have changed the outcome of the proceeding, as defendant entered into the waiver knowingly and voluntarily, and the disposition would not have been different had defendant's counsel continued to argue youth as a mitigating factor. As to defendant's claims counsel failed to appeal his sentence, the court found:

> The record is clear, there was not a waiver of appeal. If counsel did not file an appeal after sentencing, that would have constituted ineffective assistance of counsel. However, there is an order from the Appellate Division from a [Rule] 2:9-11 appeal of sentencing. This appears not to align with the petitioner's argument that counsel failed to file an appeal for sentencing.

Defendant appealed, arguing the following points for our consideration:

POINT I

THE PCR COURT ERRED IN PROCEDURALLY BARRING DEFENDANT FROM SEEKING POST-CONVICTION RELIEF.

(A) Legal Standards Governing Appeals of Post-Conviction Relief Applications.

(B) Defendant Should Not have been Procedurally Barred from Seeking Post-Conviction Relief.

POINT II

BECAUSE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, THE PCR COURT ERRED IN DENYING DEFENDANT'S PETITION FOR PCR.

(A) Legal Standards Governing Post-Conviction Relief Evidentiary Hearings.

(B) Defense Counsel was Ineffective for Failing to Contest the Juvenile Waiver Proceedings.

(C) Defense Counsel was Ineffective for Failing to Provide Defendant Discovery Prior to the Juvenile Waiver Proceedings.

(D) Defense Counsel was Ineffective for Failing to Effectively Argue for Mitigating Factors at the Time of Sentencing.

(E) Defense Counsel was Ineffective for Failing to File an Appeal After His Sentencing.

POINT III

IN THE ALTERNATIVE, BECAUSE THERE ARE GENUINE ISSUES OF MATERIAL FACTS IN

7

DISPUTE, THE PCR COURT ERRED IN DENYING AN EVIDENTIARY HEARING.

(A) Legal Standards Governing Post-Conviction Relief Evidentiary Hearings.

(B) In the Alternative, Defendant is Entitled to an Evidentiary Hearing.

## I.

We review the legal conclusions of a PCR court de novo. State v. Harris, 181 N.J. 391, 419 (2004). The de novo standard of review also applies to mixed questions of fact and law. Ibid. We may "conduct a de novo review" of the court's "factual findings and legal conclusions" where the PCR court has not conducted an evidentiary hearing. Id. at 421; see also State v. Lawrence, 463 N.J. Super. 518, 522 (App. Div. 2020).

To establish a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) "the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687 (citing U.S. Const. amend. VI); see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-prong test in New Jersey); State v. Gideon, 244 N.J. 538, 550-51 (2021) (describing the two required prongs under Strickland). The first prong of the Strickland test requires a defendant to

8

establish counsel's performance was deficient.  State v. Preciose, 129 N.J. 451, 463 (1992).  "The second, and far more difficult, prong of the [Strickland] test is whether there exists 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"  Id. at 463-64 (quoting Strickland, 466 U.S. at 694).  This prima facie claim must raise more than mere bald assertions or vague, conclusory statements.  State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

Where, as in this case, a defendant pleads guilty, that plea must be made "voluntarily, knowingly, and intelligently."  State v. J.J., 397 N.J. Super. 91, 98 (App. Div. 2007) (quoting State v. Howard, 110 N.J. 113, 122 (1988)).  To demonstrate "prejudice after having entered a guilty plea, a defendant must prove 'that there is a reasonable probability that, but for counsel's errors, [they] would not have pled guilty and would have insisted on going to trial.'"  State v. Gaitan, 209 N.J. 339, 351 (2012) (quoting State v. Nunez-Valdez, 200 N.J. 129, 139 (2009)).  A defendant must show that, "had [they] been properly advised, it would have been rational for [them] to decline the plea offer and insist on going to trial and, in fact, that [they] probably would have done so[.]"  State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011).

A-0116-24

We first address defendant's assertion the PCR court erred in procedurally barring him from seeking PCR relief based on his sentence and corresponding appeal, where plea counsel specifically argued mitigating factor thirteen should be applied because of his youth. Defendant principally argues that none of his current claims were previously adjudicated in the prior appeal of his sentence and "Rule 3:22-5 only bars a claim that is 'identical or substantially equivalent'" to those previously raised on direct appeal.

Rule 3:22-4 generally bars a petitioner from presenting a claim on PCR that could have been raised at trial or on direct appeal, and provides in pertinent part that:

> Any ground for relief not raised in the proceedings resulting in the conviction, or in a post-conviction proceeding brought and decided prior to the adoption of this rule, or in any appeal taken in any such proceedings is barred from assertion in a proceeding under this rule unless the court on motion or at the hearing finds:
>
> (1) that the ground for relief not previously asserted could not reasonably have been raised in any prior proceeding; or
>
> (2) that enforcement of the bar to preclude claims, including one for ineffective

assistance of counsel, would result in fundamental injustice; or

(3) that denial of relief would be contrary to a new rule of constitutional law under either the Constitution of the United States or the State of New Jersey.

A ground could not reasonably have been raised in a prior proceeding only if defendant shows that the factual predicate for that ground could not have been discovered earlier through the exercise of reasonable diligence.

A denial of relief would be contrary to a new rule of constitutional law only if the defendant shows that the claim relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings.

[R. 3:22-4(a).]

Additionally, under Rule 3:22-5 "[a] prior adjudication upon the merits of any ground for relief is conclusive whether made in the proceedings resulting in the conviction or in any post-conviction proceeding brought pursuant to this rule or prior to the adoption thereof, or in any appeal taken from such proceedings." However, if a petition is a defendant's first application for a PCR, or the issue raised is constitutionally significant, the relaxation of Rule 3:22-5 is at our

11

discretion.  See Harris, 181 N.J. at 494; State v. Johns, 111 N.J. Super. 574, 576 (App. Div. 1970).

Here, it is undisputed that plea counsel appealed defendant's sentence, which we heard on our sentencing calendar.  As the record shows, we issued an order remanding, in part, the sentencing court on the imposition of restitution to the family of defendant's victim.  Sebrell, No. A-005506-17 (slip op. at 1). Under Rule 2:9-11, a matter resolved on our sentencing calendar is no less an appeal; thus, defendant's argument the sentencing issue was not addressed previously is directly contradicted by the record.  As the State argues, "while defendant's direct appeal did not specifically deal with the ineffective assistance of counsel," we directly addressed the gravamen of defendant's argument that the sentencing court failed to properly consider his youthfulness as a mitigating factor.  Notably, defendant essentially repeats the same arguments concerning his sentence before us, although couched in terms of counsel's ineffectiveness. Even if we are to agree with defendant's contention that the court erred in concluding his sentencing argument was procedurally barred under Rule 3:22-4, we are convinced, in any event, for the reasons that follow, his argument is substantively without merit.

B.

A-0116-24

In his first substantive argument, defendant contends that plea counsel provided ineffective assistance in "numerous ways," resulting in individual and cumulative errors that deprived him of his federal and state constitutional rights. More particularly, defendant claims plea counsel was ineffective in failing to explain to him his right to a waiver hearing pursuant to N.J.S.A. 2A:4A-26.1(b) and instead "immediately began plea negotiations with the State and pressured [him] into accepting a plea."

Defendant's arguments, however, are belied by the record, which clearly shows that at the waiver hearing, he was repeatedly advised about his rights to a hearing by plea counsel, the prosecutor, and the court. Moreover, plea counsel was not ineffective for failing to raise meritless arguments challenging defendant's waiver from juvenile court, because at age seventeen and charged with first-degree aggravated manslaughter, defendant would likely have been waived to criminal court. See State in the Int. of E.S., 252 N.J. 331, 343 (2022). As defendant acknowledged in his brief before us, at the time he committed the offense, the juvenile-waiver statute allowed waiver to the Criminal Part without the consent of the juvenile when the juvenile was charged with "criminal homicide." N.J.S.A. 2A:4A-26.1. Under N.J.S.A. 2C:11-4, criminal homicide

13

may constitute aggravated manslaughter under certain circumstances as enumerated in the statute.[2]

Here, defendant was charged and later pleaded guilty to aggravated manslaughter for recklessly causing the death of his victim "under circumstances manifesting extreme indifference to human life." Given this charge, defendant need not have consented to waiver of his case to the jurisdiction of the Criminal Part. Thus, we reject defendant's argument plea counsel's representation of him during the waiver proceeding fell below constitutionally required standards.

---

[2] Criminal homicide constitutes aggravated manslaughter when:

> (1) [t]he actor recklessly causes death under circumstances manifesting extreme indifference to human life; or
>
> (2) [t]he actor causes the death of another person while fleeing or attempting to elude a law enforcement officer in violation of subsection b. of N.J.S.A. 2C:29-2. Notwithstanding the provision of any other law to the contrary, the actor shall be strictly liable for a violation of this paragraph upon proof of a violation of subsection b. of N.J.SA. 2C:29-2 which resulted in the death of another person.
>
> [N.J.S.A. 2C:11-4.]

14

## C.

We similarly reject defendant's argument plea counsel was ineffective for failing to obtain discovery before the juvenile hearing. Defendant makes this self-serving contention absent any supporting proof or affidavits. Indeed, he neither identifies any discovery counsel failed to obtain, nor does he explain how any such discovery would have made a difference in the outcome of his case. Accordingly, we are satisfied these assertions are merely bald, conclusory and self-serving assertions, which we have repeatedly concluded are insufficient to establish counsel's performance fell below constitutionally required standards. Cummings, 321 N.J. Super. at 169-70.

## D.

Defendant next contends counsel was ineffective for failing to "effectively argue" for mitigating factors at sentencing. This argument is also belied by the record. At the sentencing hearing, plea counsel specifically asked the court to consider mitigating factor thirteen, N.J.S.A. 2C:44–1(b)(13) (the conduct of a youthful defendant was substantially influenced by another person more mature than the defendant), and in fact argued that there were other more mature people at play who were behind the scenes "pulling strings, creating the circumstance to take advantage of [defendant's] immaturity and youth at the time of the

A-0116-24

offense." The mere fact that the court rejected counsel's argument is not indicative of plea counsel's deficient representation. Thus, this argument is also without merit.

Similarly, defendant also testified at the plea hearing and attested to the voluntariness of his plea to first-degree aggravated manslaughter in exchange for a favorable recommendation from the State at sentencing. In view of the record of these proceedings, we have no basis to conclude plea counsel's performance fell below constitutional standards.

E.

Finally, we are not persuaded the PCR court erred in finding that plea counsel's actions did not fall below the "objective standard of reasonableness" as discussed in Strickland, 466 U.S. at 687-88. Having failed to establish a prima facie case of ineffective assistance of counsel, the court correctly denied the petition without an evidentiary hearing. See State v. Marshall, 148 N.J. 89, 158 (1997).

To the extent we have not addressed any of defendant's remaining arguments, we conclude that is because they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-0116-24

16